CASE 22—PETITION ORDINARY—APRIL 17.

# Ruhrwein v. Gebhart.

### APPEAL FROM KENTON CIRCUIT COURT.

1. A MOTION FOR A NEW TRIAL must be made within three days after the verdict is returned, although a motion for judgment notwithstanding the verdict may be pending.

2. NEITHER A MOTION FOR A NEW TRIAL NOR A MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT is necessary to authorize the appellate court to review a judgment for the purpose of determining whether it was authorized by the pleadings.

ORLANDO P. SCHMIDT FOR APPELLANT.

1. *What* are the boundaries of a given piece of land conveyed by a deed is a question for the court, but *where* these boundaries are is a question for the jury. (Tyler on Ejectment, p. 474, ed. of April, 1870; Thompson on Trials, sec. 1461.)

2. The owners of adjoining lands may by parol agree upon and establish the dividing line between their lands. (Tyler on Ejectment, p. 573, ed. of 1870; McCormick v. Barnum, 10 Wend., 104.)

TISDALE & GRAY FOR APPELLEE.

The motion for a new trial was not made within the time required by law, and, therefore, there is nothing before this court for review except the pleadings, verdict and judgment. The rulings of the court upon the trial can not be considered. (Civil Code, sec. 342; White v. Crutcher, 1 Bush, 472; Humphreys v. Walton, 2 Bush, 581; Detherage v. Montgomery, 4 Bush, 46; Harper v. Harper, 10 Bush, 451; Helm v. Coffey, 80 Ky., 176; Henderson v. Dupree, 82 Ky., 681; Imperial Fire Ins. Co. v. Kiernan, 83 Ky., 476; Gaffney v. Pennsylvania Co., 8 Ky. Law Rep., 416.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant to recover the possession of about four feet of land situated in the city of Covington. The appellant put in issue the appellee's right to said land. The case was tried by a jury, which resulted in a verdict for the appellee for a part

only of the land in controversy. The court having overruled the appellant's motion for a new trial, he has appealed to this court.

The verdict of the jury was rendered on the 26th day of May. On the same day the appellant moved the court to render judgment for him notwithstanding the verdict of the jury. This motion was not acted upon until the first day of June thereafter, at which time the motion was overruled. On the day after, the appellant made a motion and filed written grounds for a new trial, which motion was overruled. The motion not having been made within three days after the verdict was rendered, it, according to section 342 of the Civil Code, came too late. But it is contended that the appellant's motion, which was entered on the day the verdict was rendered, to enter judgment for him notwithstanding the verdict of the jury, saved the appellant's right to enter a motion for a new trial until within three days after said motion was decided against him. Under said section 342 of the Civil Code the motion and written grounds for a new trial must be made within three days after the verdict or decision is rendered. As said by this court in the case of the Imperial Fire Insurance Co. v. Kiernan, &c., 83 Ky., 468, the word decision evidently refers to decisions by the court where the law and facts are submitted to it, and that judgment need not be rendered on the verdict of the jury in order to entitle the party to make a motion and file grounds for a new trial. The return of the verdict into court and the reception of it by the court is all that is necessary in order to entitle the party to make his

motion and file his grounds for a new trial. This he is required to do within three days after the verdict has been rendered, &c. If he fails to make the motion within said time, such failure is fatal to his right to maintain an appeal upon any of the grounds that are required to be presented by motion as the basis of obtaining a new trial, and as having the action of the court thereon reviewed by this court. In the case *supra* it was also decided that a motion made by one of the parties to have judgment rendered for him on a special finding by the jury, which motion was not acted on by the court until long after the lapse of the three days, did not relieve said party from the necessity of making his motion and filing his grounds for a new trial within three days after the special finding in order to save his right to an appeal. It is true that since said decision the Legislature, by an amendment to the Code, has authorized the making of the motion and filing the grounds for a new trial within three days after the rendition of the judgment on a special finding by the jury. But that amendment does not apply to a case like this one. In this case there was no special finding. Instead, there was a general verdict rendered upon the issue made by the pleadings, and it was the duty of the appellant to have made his motion and filed his grounds within three days after the verdict was rendered in order to save his right to proceed for a new trial. Section 386 of the Civil Code only authorizes a judgment to be rendered against the verdict of the jury in the single instance of the pleadings entitling the party to it. In such case

there is no need of a motion for a new trial in order
to bring the case to this court for the purpose of
authorizing this court to review the case upon the
"pleadings, verdict and judgment, and if the plead-
ings and verdict authorize the judgment rendered, it
will be affirmed without regard to the rulings of the
court at the trial further than they appear in the
judgment." (Harper v. Harper, 10 Bush, 451.) By
said section the party whom the pleadings entitle to
a verdict may obtain it by motion, or the court may
render such judgment on its own motion, notwith-
standing the jury has rendered a verdict for the op-
posing party to the action. This, as said, the court
may do of its own motion, and the motion of the
party who is entitled to it is not at all essential in
order to enable the court to render such judgment.
The only purpose that such motion can serve is to
call the attention of the court to the state of the
pleading, and make known to it the party's desire
for a judgment notwithstanding the verdict of the
jury. But, as said, the court may render such judg-
ment upon its own motion; and it is not necessary
for the party to make a motion for a new trial within
three days after the rendition of the verdict in order
to entitle him to maintain an appeal to this court to
test the question whether or not the judgment is au-
thorized by the pleadings. But in all cases where
the law requires a motion to be made, and the rea-
sons for a new trial to be filed, to authorize this court
to review the action of the lower court thereon, such
motion must be made, and the reasons must be filed,
within three days after the verdict was rendered.

The making of the motion for judgment notwithstanding the verdict saves to the party no right whatever to make a motion and file grounds for a new trial beyond the three days, as provided by the Code, after the rendition of the verdict. The pleadings and verdict in this case authorized the judgment, and the errors complained of could only be reviewed by this court upon motion and grounds filed within three days after the verdict was rendered, and the action of the lower court thereon.

The judgment is affirmed.