CASE 38—ACTION FOR LIBEL—OCT. 24.

# Boyle v. Stivers.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. APPEAL DIS-MISSED.

MOTIONS—RULES OF COURT—MOTION FOR NEW TRIAL—FAILURE TO MAKE IN OPEN COURT—FAILURE TO PRAY APPEAL IN TIME.

Held:   1. A rule of court providing for a motion docket, and fixing a motion day, does not give to a motion for a new trial filed in the clerk's office, and placed on the motion docket, the effect of suspending the judgment; it being necessary, in order to give it such effect, that the motion be made in open court.

2. Where a motion for new trial was not made in open court, the judgment, not being suspended thereby, became final on the date on which it was entered; and an appeal not prayed or granted until more than 60 days thereafter must be dismissed, the court in which the judgment was rendered being a court of continuous session.

BRECKINRIDGE & SHELBY, FOR APPELLANT.

1. Under the present Code, inconsistent pleas are not permitted, and therefore, but for sec. 124 the plea admitting the speaking of the words and justifying the publication because of the truth of the words spoken, would be inconsistent with the plea of mitigating circumstances.   But (1) the defendant may admit the speaking or printing of the words complained of, and plead justification, with mitigating circumstances, or (2) may admit the speaking of the words and plead privilege; or (3) he may admit the speaking of the words and plead mitigating circumstances.

2. The words published in this case we confidently submit were not in themselves actionable.

3. There is not in this record the scintilla of evidence of any injury to the plaintiff.   We deny that he has any right to recover for his "feelings."   There must be, not merely an emotion, but an injury.

4. The verdict on its face is flagrantly outrageous.   If plaintiff was entitled to recover anything it was only nominal damages.

Boyle v. Stivers.

SAMUEL M. WILSON, Attorney for Appellee.

MORTON & DARNELL, Associate Counsel.

1. Appellant's motion for a new trial in the lower court should not have been entertained, as it came too late, and this being true, the bill of exceptions should be stricken from the record and this appeal dismissed; or at any rate the court should restrict its consideration of the appeal to the sole question, whether the pleadings are sufficient to sustain the verdict.

2. As to the merits of the case as presented by the record: The rulings of the lower court upon the pleadings were not improper, or if there was error in its rulings such error was wholly cured by the evidence admitted on the trial, and since the error of the court, if any, in this regard, was not prejudicial to appellant, the judgment is not reversible.

3. Malice in law, and gross negligence equivalent to malice in fact, were established upon the trial; the injury to plaintiff's character and sensibilities is beyond question; the verdict is not excessive.

AUTHORITIES.

I.

Civ. Code, secs. 87, 89, 342, 343, 447; Ky. Stats., secs. 980, 982, 988, 1007, 1014, 1016; Buckner v. Conly, 1 T. B. Mon., 3; Turpin, &c., v. Turpin, 3 J. J. Marsh., 327; McAllister v. Connecticut Mutual Life Ins. Co., 78 Ky., 531; Vanden v. Thome & Co., 7 Ky. Law Rep., 449; Act of Dec. 10th-30th, 1892 (Sess. Acts, p. 419), "Practice Act"; Civ Code of 1854, chap. III of Title XVI; and sec. 784 of same; Civ. Code of 1876, Title XIX; and sec. 811 of same; Houston v. Kidwell, &c., 83 Ky., 301; Ky. Cent. Ry. Co. v. Smith, &c., 93 Ky., 449; L. & N. R. R. Co. v. Board of Trustees Elizabethtown Dist. Pub. School, 20 Ky. Law Rep., 1228; Beeler v. Sandidge, 20 Ky. Law Rep., 1581; Interstate Petroleum Co. v. Adams, 21 Ky. Law Rep., 767; Farmer v. Bank of Wickliffe, &c., 21 Ky. Law Rep., 468; Imperial Fire Ins. Co. v. Kiernan, &c., 83 Ky., 468; Ruhrwein v. Gebhart, 90 Ky., 147; Johnson v. Stivers, 95 Ky., 128, 132, 135; Turner v. Johnson, 18 Ky. Law Rep., 202, 204; McCormick Harvesting Machine Co. v. Harned, 7 Ky. Law Rep., 139; Harlan, &c., v. Braxdale's Admr., 18 Ky. Law Rep., 171.

II.

1.

Civ. Code, secs. 124, 126; Addison on Torts, title "Libel and Slander," vol. 2, sec. 1144; Newell on Slander and Libel, p. 867; Louisville Courier-Journal Co. v. Weaver, 13 Ky. Law Rep.,

Boyle v. Stivers.

599; Morgan v. Booth, 13 Booth, 480; Riley v. Lee, &c., 88 Ky., 603; Harper v. Harper, 10 Bush, 454; McIntyre v. Bransford, &c., 13 Ky. Law Rep., 454; Lehrer v. Elmore, 18 Ky. Law Rep., 551; Ency. of Pleading & Practice, vol. 13, p. 78, title "Libel and Slander"; and vol. 5, pp. 774, 775, and note 1 to page 775, title "Damages," sub-title "Mitigation of Damages"; Newman v. Otto, 4 Sandf. N. Y., 669; Am. & Eng. Ency. of Law, vol. 13, p. 476, title "Libel and Slander," and note 3 on same page; and vol. 15, p. 683, and note 1, title "Mitigation of Damages"; and vol. 15, p. 684; Atteberry v. Powell, 29 Mo., 429; s. c. 77 Am. Dec., 579; Shields v. Moore, 2 West. L. M. (Ohio), 437; Blue v. Hoke, 3 West. L. M. (Ohio), 100; Evening Post Co. v. Hunter, 18 Ky. Law Rep., 726.

2.

Hamilton v. Gleen, 1 Pa. St., 340; Lehrer v. Elmore, 18 Ky. Law Rep., 554; Owen v. McKean, 14 Ill., 459; Evening News Assn. v. Tryon, 42 Mich., 549; s. c., 36 Am. Rep., 450; Bradford v. Edwards, 32 Ala., 628; Edwards v. Kansas City Times Co., 32 Fed. Rep., 813; Am. & Eng. Ency. of Law, vol. 13, p. 442, title "Libel & Slander."

3.

Newell, Slander and Libel, p. 893; Am. & Eng. Ency. of Law, vol. 13, pp. 316-318; and vol. 13, p. 318, note 7; Riley v. Lee, &c., 88 Ky., 603.

III.

Riley v. Lee, &c., 88 Ky., 603; Lehrer v. Elmore, 18 Ky. Law Rep., 551; Courier-Journal Co. v. Sallee, 20 Ky. Law Rep., 634; Louisville Press Co. v. Tennelly, 20 Ky. Law Rep., 1231; Newell on Slander and Libel, pp. 779, 841, 847, 849, 863, 867, 875, 876; Times Pub. Co. v. Carlisle, 94 Fed. Rep., 762.

OPINION OF THE COURT BY JUDGE DuRELLE—DISMISSING APPEAL.

The appellee obtained a verdict and judgment against appellant for $850 damages, in an action of libel, upon the 1st day of December, 1897. A motion to dismiss the appeal has been made upon the ground that it was not taken at the term at which the judgment was rendered,— that is to say, not prayed within sixty days of the date at which the judgment became final; the Fayette Circuit Court being a court of continuous session. The bill of exceptions, in reference to the verdict, states as follows:

Boyle v. Stivers.

"Which verdict was returned into court on Wednesday, December 1st, late in the afternoon of Wednesday; and on Thursday, the next day, being December 2d, counsel for the defendant prepared and carried to the court-house a motion for a new trial, and, the court having met and adjourned, said motion was filed in the clerk's office, and entered upon the motion docket; and the court had adjourned to meet on Monday, and was not in session on Friday, December 3d, nor Saturday, December 4th, and was in session on Monday, December 6th, for the first time after it adjourned on Thursday; and the motion, was on Thursday, December 2d, entered on the motion docket for the succeeding Monday, at which time said motion was not reached in the call, and on motion of plaintiff or defendant on succeeding motion days, or by consent of counsel of plaintiff and defendant, said motion was continued from time to time and passed from time to time until the 17th day of February, 1898, when it was heard by the court." It is contended that this motion for a new trial was not so made as to suspend judgment; that, therefore, the judgment became final on the date on which it was entered, and as the appeal was not prayed or granted until February 17, 1898, more than sixty days after the rendition of the judgment, it must be dismissed. On the other hand, it is claimed by appellant that the Fayette Circuit Court, being a court of continuous session, and having the right, under sections 980, 982, Kentucky Statutes, to formulate rules of practice, has prescribed a rule setting apart one day of every week (Monday), except in vacation, for the hearing of motions, which is known as "Motion Day" or "Rule Day," and has provided that "no motion will be heard upon any other than such motion day, except such motions as are designated as urgent," and

Boyle v. Stivers.

has prescribed that certain designated motions, such as motions to discharge or vacate orders of arrest, to grant or discharge attachments, for temporary injunctions and their dissolution or modification, for the appointment of receivers, and for the allowance or rejection of bail, shall be considered as urgent. Exercising this power granted by the statute, or the inherent power of courts to prescribe rules of practice, the Fayette Circuit Court has also provided that: "The clerk shall keep a motion docket, upon which any party may enter in the clerk's office a memorandum of any demurrer or motion he may desire to make in any case; but no such demurrer or motion shall be placed upon said docket in the clerk's office unless the same be in writing and filed with the clerk, and not later than 6 o'clock Friday preceding rule day. This docket will be called by the court on each Monday, when the motions or demurrers indicated thereon will be heard in the order in which they thereon appear. Any motion made on demurrer filed in the court, to which there is an objection made, or which is not confessed, shall at once be placed on the motion docket following those already upon same, and shall likewise be heard in its proper order."

Counsel for appellant very earnestly contend that the rules we have referred to give to a motion filed in the clerk's office, and placed upon the motion docket, the same effect as would pertain to a motion made in open court. Waiving the question whether it is within the power of the court to give such effect to a motion for new trial not made in court, we are of opinion that the rules referred to do not attempt to do so. These rules, adopted for the purpose of facilitating the dispatch of business, and avoiding

the necessity of notice upon motions, the great bulk of which are not objected to, but are granted as of course, provide an easy mode of giving a sort of constructive notice of proposed motions, and of having the motions placed upon the docket, to be called in regular order for hearing; but none of the rules indicates any intention of changing the procedure as to any motion required to be made in open court. Indeed, one of the rules distinctly provides for a hearing of motions which have been made in open court. The question for our consideration, therefore, is, whether a motion for a new trial, in order to have the effect of suspending the judgment, must be made in open court, and so noted. "The application for a new trial must be made at the term in which the verdict or decision is rendered, and except for the cause mentioned in section 340, sub-section 7 [newly-discovered evidence], shall be within three days after the verdict or decision is rendered, unless unavoidably prevented." Civil Code, section 342. This provision has uniformly received from this court a strict construction, following the cases in which, before the adoption of the Code, the question was raised of the effect of a motion for a new trial to suspend a judgment rendered at a previous term. In the case of Buckner v. Conly, 1 T. B. Mon. 3, decided before the adoption of the Code, the reason for requiring the motion to be made in open court in order to suspend the judgment is aptly stated by Chief Justice Boyle. In that case a verdict and judgment were rendered for defendant at the August term. At the ensuing November term a new trial was granted, which resulted in a verdict for the plaintiff. Said the court: "As by the judgment for the defendant at the August term the cause was at an end, and the parties out of court, it can not be doubted that the court at

Boyle v. Stivers.

the ensuing term had no power to set aside the verdict and judgment, and award a new trial, without having at the August term done some act by which the judgment was suspended and the cause continued, either expressly or by implication. But there appears to have been no such act done by the court. Reasons for a new trial had been lodged with the papers in the cause on the last day of the August term by the counsel of the plaintiff, and on the paper containing these reasons the clerk had indorsed, 'Filed August 10th, 1822, in court;' but there was no notice taken of this paper, or of any intended motion in consequence of it, either on the minute book or order book; and the filing of the paper, being the mere act of the party, could not, without some notice being taken of it by the court in the minutes or records of its proceedings, operate to suspend the judgment and continue the cause; and, of course, the court having no power over the cause at the November term, it was erroneous to set aside the verdict and judgment and award a new trial." In Turpin v. Turpin, 3 J. J. Marsh. 327, it was held that, where at one term a judgment in detinue had been recovered, it was too late at a subsequent term to enter a motion for a new trial *nunc pro tunc*, and thereupon pray an alteration of the judgment of the previous term. In McAllister v. Insurance Co., 78 Ky., 531, it was said in an opinion by Judge Cofer: "Our Code (section 343) provides that the application for a new trial must be by motion, upon written grounds filed at the time of making the motion. Such motion and grounds can only be filed by order of the court, and the fact that they are filed is always entered on the order book, and the motions and grounds are, or should be, indorsed 'Filed'; and when this is done, the motion and grounds become a part of the record for

Boyle v. Stivers.

the purposes of an appeal, and there is no necessity that they should be included in the bill of exceptions." In Vanden v. Thome, 7 Ky. Law Rep., 449, it was held by the superior court that: "The application for a new trial must be made to the court. It is not sufficient that the motion and grounds be lodged with the clerk. Papers so lodged can have no effect, and the fact that the court has directed them to be noted of record by an order entered after the time prescribed by law for filing the motion will not entitle them to any consideration in any appellate court." In Beeler v. Sandidge (Ky.) 49 S. W., 533, it was held, in an opinion by Judge Burnam, that: "These requirements of the Code are imperative. The grounds for a new trial must be set out in writing, and a motion based thereon must be made at the same term at which judgment was rendered; and no order could be entered *nunc pro tunc*, except one which had been tendered, and not entered at the proper time. As no written grounds for new trials were offered and asked to be filed within the time prescribed by the Code, the court could not at a subsequent term direct the filing of such grounds, then for the first time tendered, by an order *nunc pro tunc*." In Farmer v. Bank (Ky.) 51 S. W., 799, the court, speaking through Judge Burnam, after citing 'the' cases of Insurance Co. v. Kiernan, 83 Ky., 468; Ruhrwein v. Gebhart, 90 Ky., 147, (13 S. W. 447); Louisville & N. R. R. Co. v. Board of Public School Trustees (Ky.) 49 S. W., 34; and Beeler v. Sandidge, *supra*,—said: "This provision of the statute is imperative, and the circuit judge had no power to extend the time for making this motion until a day in the subsequent term, and the motion made at that time was too late to be available for any purpose. It therefore follows that the only question before the court is, do the

pleadings authorize the judgment?" It follows, therefore, that the motion for a new trial, not having been made in court as required by law, was a nullity, and had no effect to suspend the judgment. The appeal, therefore, taken in the lower court, was not taken in time, and must be dismissed.

Petition for rehearing filed by appellant and overruled.