## Johnson, et al. v. Boggess, et al.

(Decided March 5, 1918.)

### Appeal from Muhlenburg Circuit Court.

1. Appeal and Error—New Trial—Application After Time.—Where application for new trial was not made until five days after judgment entered, on appeal, the evidence can not be considered, but only the question whether the pleadings support the judgment.

2. Judgment—Matters Concluded.—Where, in a suit to partition the lands of a decedent, the widow was adjudged a right of dower, the parties to that suit can not thereafter, in an action for damages for trespass to such lands, relitigate her right of dower.

3. Dower—Right of Widow—Mansion House and Appurtenances.—Under Sec. 2138, Ky Statutes, the widow is entitled to possession of the mansion house, yard, garden, etc., until dower is assigned; and where the lands are ordered sold, this right continues until the confirmation of the sale.

4. Trespass—Pleading—Verdict.—A widow married and, with her husband, occupied the mansion house on the lands of her deceased husband, and during their occupancy of the house, it was destroyed by fire. In an action, by the heirs of the deceased husband against the husband occupying the house, for damages for the loss, defendant was entitled to judgment on the pleadings, as they showed that his wife had right of dower at time of loss, under which his possession was lawful.

C. A. DENNY for appellants.

DOYLE WILLIS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellants, who were plaintiffs below, claiming to be the owners, and in possession, of two small adjoining tracts of land, about nineteen acres in all, filed this action to recover of appellee, F. Y. Boggess, damages in the sum of $600.00 for alleged trespasses, including the accidental destruction by fire of the dwelling house thereon, it being alleged in the petition, however, that Alma Boggess, the wife of F. Y. Boggess, had a dower interest in the land and she was made a defendant because she declined to join as plaintiff. The defendants, in separate answers, denied plaintiffs' ownership or possession, as well as the trespasses alleged, and, in addition, pleaded that in a former action in the Muhlenberg circuit court in which the plaintiffs and defendants were the same as in this action, the land herein involved was ordered sold to

partition same among the heirs of Alonzo Johnson, the
former husband of defendant, Alma Boggess, and that
in that action she asserted homestead but was adjudged
dower in the land and ordered paid to her its value of the
proceeds of the sale; that, since that judgment and at
all times complained of in this action, she was in the pos-
session of the land in the exercise of her right of dower
adjudged to her therein; that plaintiffs became the pur-
chasers of the land at the sale held pursuant to that judg-
ment but, before sale was confirmed and while she was
in possession of the land in the exercise of her right of
dower therein, the house was destroyed by fire acci-
dentally and from a cause unknown to the defendants and
for which neither was in any way responsible. By
amended answers, defendants alleged the house was in-
sured; that plaintiffs collected $425.00 from the insurance
company in full settlement of the loss and assigned and
transferred to the company "any and all right and cause
of action which they or either of them had or may have
had" against defendants for the loss. By replies plain-
tiffs traversed the allegations of the answers and
amended answers that defendants were in possession of
the land in the exercise of the dower right of Mrs. Bog-
gess therein, or that the $425.00 insurance collected was
in full of the loss sustained, or that they had assigned or
transferred to the insurance company their right or
cause of action therefor, and alleged that the defendant
had elected to take homestead and had thereafter, upon
her marriage to F. Y. Boggess, abandoned her homestead
and that her return thereafter with defendant, F. Y. Bog-
gess, to the land was not in the exercise of her dower in-
terest therein, but was an attempt to avoid a forfeiture of
her homestead.

The affirmative allegations of the replies were tra-
versed of record and the case went to trial before a jury.
At the completion of plaintiffs' evidence, a directed ver-
dict was returned for defendants and plaintiffs are ap-
pealing from the judgment entered thereon dismissing
the petition.

1.    The motion for a new trial was not made until five
days after the verdict was returned and judgment en-
tered thereon; hence, we cannot consider the evidence,
and the only question before us is, do the pleadings au-
thorize the judgment? Civil Code, section 342, and cases
cited in notes thereto.

2. It is insisted, however, for appellants that upon the pleadings, although they assumed the burden of proof without objection, that they were entitled to recover nominal damages, at least, for the loss of the dwelling house by fire. This, upon the theory that it is admitted by defendants the house was destroyed by fire while in their possession, and that it is shown by the pleadings that they were at the time not entitled to the possession and were, therefore, trespassers and liable as insurers. But we can not agree with the contention that the pleadings show defendants were trespassers, upon which the whole argument for appellants rests.

Appellants sued only the husband, F. Y. Boggess, it being alleged in the petition that the wife was made a defendant because she refused to join as a plaintiff, and it is pleaded by him and his wife, that, at the time of the fire, she in the exercise of her dower right and not the husband was in possession; so that, upon this question alone, proof would have been necessary to authorize a judgment for plaintiffs against the husband, against whom alone they asked judgment; but more than this, Mrs. Boggess had been adjudged a dower interest in the land in an action between the same parties by the judgment of the Muhlenberg circuit court, affirmed by the opinion of this court in 158 Ky. 418, which both she and her husband pleaded; and that she, in that suit, asserted homestead rather than dower can in no way affect or defeat the dower therein awarded her. Appellants are bound by that judgment as they were parties to that action and not only then conceded her right to dower, but in their petition in this action make the same concession; yet, their whole argument here is based upon the contention that her attempt to claim homestead was an election which defeated her right to dower, ignoring completely the fact that these questions are *res judicata.*

As Mrs. Boggess, with her present husband, when that judgment was rendered was in possession and her right to the possession was not questioned by appellants except as a proof of her claim to homestead, it must be presumed her possession was in the exercise of the dower right conceded her by appellants and adjudged by the court, since, by section 2138, Kentucky Statutes, the doweress is entitled to possession of the mansion house, yard, garden, etc., until dower is assigned, or, as said in Cass v. Smith, 4 Ky. L. R. 990, ''until the sale of the

property, and by this is meant a completed or perfected sale, and not a mere preferred bid for the property subject to be rejected or confirmed by the court.'' See also City of Henderson v. Ashby, 179 Ky. 507.

It, therefore, results that the pleadings do not show that either F. Y. Boggess or his wife was a trespasser, and that plaintiffs were not entitled to a judgment on the pleadings.

Judgment affirmed.