## Puckett v. Morris, et al.

(Decided September 20, 1918.)

### Appeal from Wolfe Circuit Court.

1. Appeal and Error—New Trial—Pleading.—In the absence of a motion and grounds for a new trial, the only question before the court upon an appeal is whether the pleadings sustain the judgment.

2. Records—Supplying Lost Record.—Where the record of a case is destroyed by fire, it can be supplied either by the court substituting an attested copy for the lost or destroyed record, pursuant to section 1643 of the Kentucky Statutes, or by a commissioner appointed by the court to take proof and supply the lost record from the proof so taken, pursuant to sections 3991 to 4000, inclusive, of the Kentucky Statutes.

3. Records—Supplying Lost Record—Evidence.—The statute does. not provide that the evidence which the commissioner is required to take to supply a lost record, shall be used in place of the parts of the record which are lost. The testimony which he takes is simply the evidence upon which the court must act in making a substitution for the lost record.

4. Records—Supplying Lost Record—Pleading.—Where a commissioner appointed to supply a lost petition merely reported, in narrative form, the substance of what the proof showed the petition to have been, and did not file a formal petition for the court to substitute in lieu of the lost petition, there was no petition under which a judgment could be sustained.

5. Records—Supplying Lost Record—Pleading.—When a petition is lost or destroyed and a new one is substituted for it, the substituted petition becomes the only petition in the case, and the circuit court will give judgment under it as if it were the original petition; and, upon appeal, its judgment will be reviewed in the light of the substituted pleading.

L. M. NICKELL for appellant.

J. E. C. JOHNSON and C. X. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Granting appeal and reversing.

In 1899 M. W. Puckett sold a small tract of land to G. W. Morris and Strong Spencer, and evidenced the sale by giving them his bond for a title upon the payment of the purchase price. Morris and Spencer paid the purchase price to Puckett; and, he having died without making them a deed, they brought this action against appellant and the other heirs of M. W. Puckett, to require them to make plaintiffs a deed pursuant to the title bond.

William Pence intervened, claiming a small portion of the land by virtue of a deed from M. W. Puckett which was prior in date to the title bond; and Pence's claim having been given priority over the claim of Morris and Spencer, they amended their petition, showing their ouster, and asking judgment over against the defendants for the loss they had sustained by reason of Pence's judgment. This claim was tried by a jury and resulted in Morris and Spencer recovering a verdict against the heirs for $400.00. But for some unexplained reason no judgment was then entered upon the verdict. On May 29, 1913, which was shortly after the judgment was rendered, the court house, including the circuit court clerk's office, and the record in this case, was destroyed by fire.

By an order entered July 26, 1913, the action was referred to the commissioner to supply the destroyed record. The master took the deposition of the attorney who drew the original petition, and of other witnesses, including the clerk of the court, and filed his report on May 27, 1915, to which no exceptions were filed. Subsequently, on June 1, 1915, the commissioner's report was approved and confirmed, and a judgment was entered for the plaintiffs for $400.00, pursuant to the verdict. At the instance of the defendants the judgment was set aside at the May term, 1916; but at the following February term of the court a new judgment was entered in behalf of the plaintiffs against the defendants for the sum of $400.00. The defendants entered a motion and filed grounds for a new trial; but as they were not filed within the time prescribed by the Code, it is conceded the motion was ineffectual for any purpose.

The defendant, Robert Puckett, prays an appeal, assigning several grounds for reversal; but as a consideration of the principal ground will require a reversal of the

judgment, the other assignments of error will not be considered.

In the absence of a motion and grounds for a new trial, the only question before the court is: Do the pleadings sustain the judgment? This question must be answered in the negative, because the record contains none of the pleadings under which the judgment was entered. They were destroyed by the fire of May 29, 1913, and, although an order was entered referring the case to the commissioner for the purpose of supplying the destroyed record, it has never been supplied.

There are two modes of supplying lost records; first, by the court substituting an attested copy for the lost or destroyed record, pursuant to section 1643 of the Kentucky Statutes; and, second, by a commissioner appointed by the court who shall take proof and supply the lost record from the proof so taken, pursuant to sections 3991 to 4000, inclusive. The second mode was adopted in this case. The commissioner took proof and filed his report, in which he recited, in narrative form, the various steps that had been taken in the case, as shown by the proof filed with the report. He did not, however, attempt to supply the destroyed records, and we have nothing except a general statement by the commissioner and the witnesses as to what the petition contained. It is, therefore, impossible for this court to say whether the pleadings support the judgment, for the reason that there are no pleadings.

The burden of proof is on the person claiming under a lost instrument to establish its execution and contents: and where the lost instrument is not admitted plaintiff must prove it. Mullins v. McCoy, 170 Ky. 552. The method here employed is quite similar to that shown in Mayo v. Emery, 103 Ky. 639, where, after declaring that the circuit court had never made any order substituting another record in lieu of the parts of the record which were lost, the court said:

"This record does not contain a transcript of the parts of the record which were lost. It appears to be simply a transcript of the deposition which the commissioner took under the order of the court, together with certain parts of the record which were not lost.

"The statute provides that the evidence which the commissioner takes shall be in writing, and shall be

legal evidence, and shall be returned to the clerk of the court and safely kept by him. The statute does not provide that the evidence which the commissioner is required to take, shall be used in place of the parts of the record which are lost. The testimony which he takes is simply the evidence upon which the court must act in making a substitution for the lost record. To supply the lost record it is essential that the court should make an order to that effect, and he sends his commissioner out to get the evidence upon which to act.''

After quoting the foregoing excerpt with approval, the court, in Morrison v. Price, 130 Ky. 145, further said:

''When the record has been thus supplied by an order of court, the judgment of the court is conclusive that all preliminary steps were properly taken; but until it is thus supplied, the substituted report cannot be read.''

The statute necessarily contemplates the substitution of a formal copy for the pleading which has been lost or destroyed. This must be done by an order of the court. Farmers Bank of Frankfort v. Farmers Bank of Wickliffe, 147 Ky. 761. And, if the pleading, as drawn by the commissioner, does not conform to the proof, the report is subject to exception for that reason, and may be corrected before it is approved by the court, and substituted for the lost pleadings. It is elementary law that a case cannot begin or proceed without a petition. If lost or destroyed, it must be supplied as the one indispensable guide for all parties to the case. And, neither the depositions nor the narrative report of the commissioner can be substituted for the lost petition, as was attempted in this case.

When a petition is lost or destroyed and a new one is substituted for it, the substituted petition becomes the only petition in the case, and the circuit court will give judgment under it as if it were the original pleading; and, upon appeal its judgment will be reviewed in the light of the substituted pleading. But where there was no petition, as in this case, no judgment for the plaintiffs should have been entered. No other question is decided.

Appeal granted and judgment reversed.