## Wages' Administrator v. Louisville & Nashville Railroad Company.

(Decided February 21, 1928.)

### Appeal from Letcher Circuit Court.

New Trial.—Affidavit of attorney, bearing on failure to file motion and grounds for new trial within time, stating that he was necessarily compelled to leave place of trial for church convention,

without stating nature or character of duties requiring his attendance, and failing to excuse his intrusting such matter to his associate during the trial, held insufficient to show that he was "unavoidably prevented," within exception of Civil Code of Practice, sec. 342.

W. L. KASH for appellant.

WOODWARD, WARFIELD & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

Harrison Wages' administrator filed suit against the Louisville & Nashville Railroad Company, alleging his intestate's death was caused by the negligence of that company, and seeking to recover damages therefor. At the close of the evidence a directed verdict in favor of defendant was returned by the jury, and a judgment was entered dismissing the petition. Plaintiff appeals.

The lower court refused to permit appellant's motion and grounds for a new trial to be filed, and as the pleadings admittedly support the verdict and judgment, if this ruling was correct it will be unnecessary to consider the other questions raised on this appeal. Western Assurance Co. v. Rector, 85 Ky. 294, 3 S. W. 415, 9 Ky. Law Rep. 3; Id., 1 S. W. 391, 8 Ky. Law Rep. 56; Ruhrwein v. Gebhart, 90 Ky. 147, 13 S. W. 447, 11 Ky. Law Rep, 969; Seiler v. Gilley Bros. & Co., 108 S. W. 284, 32 Ky. Law Rep. 1275; Johnson v. Boggess, 179 Ky. 649, 201 S. W. 42; Puckett v. Morris, 181 Ky. 374, 206 S. W. 157; Sovereign Camp v. Hornung, 190 Ky. 381, 227 S. W. 465. The motion and grounds were not tendered until six days after the verdict, but it is strongly insisted that appellant was "unavoidably prevented" from making his application earlier, and therefore is within the saving grace of the exception in section 342 of the Civil Code. In support of that position, at the time he tendered his motion and grounds for a new trial he also filed the affidavit of his attorney, W. L. Kash, which is in these words:

"The affiant, W. L. Kash, states that he is a regular practicing attorney and resides at Jackson, Breathitt county, Ky.; that he is the attorney for plaintiffs in this action; that this trial was completed on Thursday, September 9, 1926, at Whitesburg, Letcher county, Ky., near 4 o'clock p. m.; that the

trial was completed about ten minutes before the train left for Jackson, Ky.; and that he was necessarily compelled to leave Whitesburg on said train in order to reach Jackson, Ky., on that evening in order to be in Jackson the next morning to attend a church association of which he was a member; that on the 10th and 11th of said month, the two following days after the completion of said trial, he was in attendance at said association; and that his time was necessarily all taken up in the work of said association and the work connected therewith, and that he did not have reasonable opportunity or time in which to prepare and file motion and grounds for a new trial herein until today.''

It also appears, from a later affidavit of Mr. Astor Hogg, that he was engaged by Mr. W. L. Kash to assist in the selection of the jury and to advise with him during the trial, which he did; that he remained with him during most of the trial, and that Mr. Kash forwarded the written motion and grounds to him, and that he was the attorney who presented' them to the court; no reason being shown why he could not have made the application himself within the three days allowed by statute.

The words, ''unavoidably prevented,'' as used in this statute, have never been defined by the court. They are not given the broad meaning of ''incapable of being prevented,'' or ''inevitable,'' as laid down by the lexicographers, but they have never been applied to the voluntary failure of the complaining party or of his counsel to do an act reasonably within his power. Triangle Motors Co. v. Smith, 216 Ky. 479, 287 S. W. 914, is relied upon by appellant. In that case the affidavit showed that appellant's counsel, Mr. Friend, though present in court and assiting in the trial of other cases during the three days in question, was suffering from an attack of influenza and was so ill that he could not grasp the questions presented nor do himself justice in conducting the suits. This court sustained the action of the trial court in permitting the motion and grounds for a new trial to be filed later. It will be observed, however, that Mr. Friend had no associate counsel, and, as he was so ill that he could not grasp the questions presented nor do justice to his cause, it was held that his failure to enter the motion was involuntary.

But this case is different. The fidelity and loyalty of Mr. Kash to his church is highly to be commended, but

while he states he was necessarily compelled to leave Whitesburg on the 4 p. m. train in order to be in Jackson the next morning at the convening of the association, and that for the next two days all of his time was necessarily taken up in the work of the association, it will be observed that these statements are legal conclusions, without stating the nature or character of the duties there asigned him. No compulsion, not even necessity, is shown for his attendance—nothing to show any ill effects from his failing to attend. Indeed, he must have known of the association before going into trial and, if the peremptory had been overruled, have anticipated remaining during the further progress of the trial or of turning it over to his associate, Mr. Hogg, who no doubt was as well prepared to make an application for a new trial as he would have been to have continued in charge; and we do not think the exception in the Code applies to such a situation.

Wherefore, perceiving no error, the judgment is affirmed.