# Hogge v. Anchor Motor Freight, Inc., of Delaware (two cases).

Feb. 17, 1939.

Dan B. Caudill, Judge.

LESTER HOGGE and W. C. HAMILTON for appellants.
JAMES C. CLAY and JERRY A. HOGAN for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

This litigation is the result of an automobile accident wherein appellants, Charles Hogge and his wife, Sarah Hogge, plaintiffs below, brought separate suits against appellee, Anchor Motor Freight Company, defendant below, to recover for personal injuries received by each of them and to recover for damages done Mr. Hogge's car in an accident. By agreement the two actions were consolidated for the purpose of trial. The petition in each action alleged defendant's agent and servant negligently drove its truck on the wrong side of the road and crowded the car off the road which Hogge was driving, and in which his wife was riding, causing it to overturn down a high embankment, severely injurying the occupants and greatly damaging the car. The answer to the petition of Mrs. Hogge was a traverse and contained an affirmative plea that the accident was caused solely by the negligence of her husband who was driving the car. The answer to the petition of Mr. Hogge was a traverse and it contained a plea of contributory negligence upon his part. By agreed orders all affirmative matter in the answers was controverted of record. The trial resulted in the judge giving a peremptory instruction for the defendant at the completion of the evidence for the plaintiffs.

The plaintiffs are seeking to reverse the judgment because of the peremptory instruction, and they also complain of an error made by the trial judge in excluding certain testimony offered by them. Defendant raises the point the plaintiffs did not file their motion and grounds for a new trial within three days after the verdict, as is required by Section 342 of the Civil Code of Practice, therefore, the only question this court can consider on this appeal is whether or not defendant's pleadings support the judgment. As we are of the opinion that the plaintiffs were unavoidably prevented from filing motions and grounds for a new trial within three days after the rendition of the verdicts, as will be shown later in this opinion, we will first take up the question of whether or not the trial judge erred in giving peremptory instructions in favor of the defendant at the conclusion of plaintiffs' evidence. This will necessitate a review of the evidence.

The testimony for the plaintiffs shows that Mr. Hogge, accompanied by his wife, was driving his car in the direction of Morehead on the Morehead-West Liberty road. This road is surfaced with loose limestone for a width of 18 feet and has a 4 foot dirt shoulder on each side, making the width of the road from the extreme edge of one shoulder to the other 26 feet. At the place Hogge met defendant's truck the road is constructed on a fill which spans a depression between two hills, and on Hogge's right side of the road was a steep bank 25 or 30 feet above the natural terrain, and on his left side of the road this steep bank was 18 or 20 feet above the natural terrain. The road grader had recently been over this highway and had thrown up two ridges of loose stone from nine inches to a foot high; the first ridge being slightly to the right of the center of the road in the direction Hogge was driving, and the second ridge being near the right edge of the stone surface in the direction Hogge was driving. There is a rough diagram filed in the record but it does not show the points of the compass. Between these two ridges there was about space enough to drive a car or truck. The record shows Hogge was driving some 20 or 25 miles per hour and about 450 feet away he saw defendant's truck (which was a transport carrier, loaded with an automobile and a truck) approaching around a curve and it was traveling on its left side of the road: Hogge pulled his car to his right, straddled the ridge of stone near

his right shoulder of the road, which put his right wheels very near the edge of the embankment. The road was straight for 150 feet at the point of the accident and the evidence for the plaintiffs show Hogge drove his car on the edge of the embankment for 145 feet before meeting the truck. While Hogge's car and the truck did not collide, Hogge felt the berm of the road giving away under his right wheels, therefore, immediately after passing the truck he jerked his car to the left and gave it gas to extricate himself from the perilous position the truck had put him in. Hogge in so doing avoided going off the embankment on his right but he lost control of his car in crossing the two ridges the road grader had made and his car went diagonally across the road and over the steep embankment on his left side of the road, resulting in injuries to himself and wife and damages to his car.

Neither the record nor the briefs give us the reason upon which the trial judge based his peremptory instruction in favor of the defendant. Evidently, it was because he was of the opinion the plaintiffs had proved no negligence on the part of the defendant, or that the testimony showed the accident was solely the result of Hogge's negligence. Defendant's answer to Mrs. Hogge's petition contains an affirmative plea the accident was brought about solely by the negligence of Mr. Hogge, showing defendant recognizes the law is the negligence of the driver of a car cannot be imputed to a passenger.

The evidence of both Mr. and Mrs. Hogge is that the truck was traveling on its left side of the road and that it was so far to its left that it crowded Hogge to the very berm of the road on his right. This shows the driver of defendant's truck was negligent in its operation. The fact that the truck and car did not collide does not prevent the negligence of the driver of the truck from being the proximate cause of the accident. The negligence of the truck driver put Hogge in a perilous position and he was thereby compelled to act in an emergency, therefore, he is not held to the same strict rule to use ordinary care required by one not facing danger. Under such circumstances a person may take the course which appears to him will save him from danger and if he sustains an injury in so doing, he is not to be held liable for the accident, even though the course he took to prevent the accident was the wrong one. It is

for the jury to determine under appropriate instructions whether the negligence of the driver of the truck was the proximate cause of the accident; or whether in acting as he did under the conditions confronting him, Hogge was guilty of such contributory negligence as would prevent him from recovering; and whether Hogge's negligence was the sole cause of the accident, thereby preventing his wife from recovering. Padgett v. Brangan, 228 Ky. 440, 15 S. W. (2d) 277; Owen Motor Freight Lines v. Sawyer's Adm'r, 260 Ky. 795, 86 S. W. (2d) 708; Chesapeake & Ohio Railway Company v. Harrell's Adm'r, 258 Ky. 650, 81 S. W. (2d) 10. Negligence and contributory negligence are to be determined by the jury, except where the uncontradicted testimony is such that but one conclusion can be drawn therefrom by fair-minded men, in which case it becomes a matter of law for the court. Illinois Central Railroad Company v. Bozarth's Adm'r, 212 Ky. 426, 279 S. W. 636; Chicago, St. L. & N. O. Railroad Company v. Armstrong's Adm'r, 168 Ky. 104, 181 S. W. 957. From this record it is evident Hogge lost control of his car when he jerked it suddenly to the left and put on the gas in an attempt to extricate himself from the perilous position in which the negligence of defendant's driver had placed him. Before he could regain control of his car, it traveled the 26 feet from his right shoulder of the road and went over his left shoulder and down the embankment. From this action by Hogge when faced with this emergency, certainly it cannot be said fair-minded men could reach only the conclusion that he was guilty of contributory negligence or that his negligence was the sole cause of the accident. It is for the jury to say whether the negligence of the truck driver was the proximate cause of the accident, or whether Hogge was guilty of contributory negligence, or whether Hogge's negligence was the sole cause of the accident.

In Louisville Auto Supply Company v. Irvine, 212 Ky. 60, 278 S. W. 149, the facts were quite similar to those in this case. There appellant's car crowded appellee's car off the road onto the dirt shoulder. By getting off the road, Mrs. Irvine avoided a collision with appellant's car, but in attempting to bring the car back onto the road she ran into the wing of a bridge. It was there argued appellant was entitled to a peremptory instruction, but this court in effect said the collision was avoided by Mrs. Irvine driving on the very edge of the

road and it was for the jury to determine whether the negligence of appellant's driver in forcing her off the road was the proximate cause of her car hitting the bridge. We think the same rule applies in the case at bar which this court applied in the Irvine case, therefore, we hold the trial judge should not have given a peremptory instruction in favor of the defendant, but should have let the case go to the jury under appropriate instructions.

This accident happened around two o'clock in the afternoon and the plaintiffs offered to introduce as witnesses Jim Rice, Bryson Conn and Ivan Hogge, all of whom got to the scene of the accident around four or four-thirty o'clock that same afternoon. Plaintiffs offered to prove by these witnesses the tracks made in the road by defendant's truck and Hogge's car at the place of the accident or in close proximity thereto. The court excluded the evidence of these witnesses on the ground their arrival on the scene of the accident was too remote for them to qualify as witnesses. The court did not err in excluding the testimony of these witnesses. While the test is not how soon after the accident they reached the scene, but whether or not when they got there the place was in the same condition it was when the accident occurred, and whether they made definite observations of the place so as to describe it intelligently to the jury. But from the avowals made by counsel for plaintiffs the testimony of these witnesses was not competent because the avowals do not describe what the witnesses saw on the ground at the scene of the accident and through these avowals these witnesses present their own conclusions and opinions as to the manner and positions on the road the car and truck were driven. Obviously, such evidence is incompetent. But if the plaintiffs can show that the tracks made by the car and the tracks made by the truck on the road in close proximity to the place of the accident were visible and had not been materially disturbed when these three witnesses appeared on the scene around four o'clock; and if these witnesses can identify these tracks seen by them as being the same tracks the plaintiffs' testimony identify as having been made by the car and by the truck, then these three witnesses should be allowed to describe what they saw at the scene of the accident. But they cannot give their conclusions and opinions as to how the accident happened. What is here said in no

wise conflicts with Appalachian Stave Company v. Pickard, 266 Ky. 565, 99 S. W. (2d) 472.

The verdict in this case was returned March 15, 1938. Under Section 342 of the Civil Code of Practice plaintiffs should have filed their motion and grounds for a new trial on March 17, 1938, but the record shows it was not filed until March 18th. Defendant raises the question that the motion came too late, therefore, the only question before this court on this appeal is whether or not defendant's pleadings support the judgment. It will be noted Section 342 provides motion and grounds for a new trial must be filed within three days after the verdict, or decision, is rendered unless unavoidably prevented. The record in this case contains the affidavit of Hon. Lester Hogge, one of the attorneys for the plaintiffs, to the effect he prepared motions and grounds for a new trial in both of these cases and took same to the court house on the morning of March 17, 1938. He found neither the circuit judge nor the circuit clerk in the court house, and he learned while there the circuit judge had gone to Lexington and that no court would be held, and in fact no circuit court was held, in Rowan County on that day. Also, there is filed in the record by the clerk of the Rowan circuit court what is termed an "amended certificate to original transcript of record." This instrument is signed, "Joe McKinney, Clerk of Rowan Circuit Court," and contains a statement that the judge of the Rowan circuit court was not present in the court house March 17, 1938, and that all motions taken or filed that day were made before the circuit clerk and later presented to the circuit judge for his approval.

The affidavit of Mr. Lester Hogge stated the circuit court clerk was not in his office. But had he been, Mr. Hogge, counsel for plaintiffs, could not have complied with the code provision by filing his motion with the clerk. Boyle v. Stivers, 109 Ky. 253, 58 S. W. 691. In Winston v. Slaton, 267 Ky. 831, 103 S. W. (2d) 675, on the last day for filing motions and grounds for a new trial, the circuit judge was ill at his home. Counsel went to the home of the judge and presented to him his motion, and the judge directed counsel to take it to the circuit clerk with instructions to the clerk to file the motion. Counsel did so and later during the term the judge directed the entry of an order filing the motion. We upheld this action of the trial judge in directing the

467

motion and grounds for a new trial to be filed after the third day following the trial had expired because the illness of the judge was a casualty that neither party could avoid, and the action by counsel was a sufficient compliance with the Code. In Triangle Motors Company v. Smith, 216 Ky. 479, 287 S. W. 914, the affidavit showed appellant's counsel was in court assisting in the trial of other cases during the three days the motion for a new trial should have been filed, but he was so ill with flu he could not grasp questions presented to him. In that case we upheld the ruling of the trial judge that counsel was unavoidably prevented from filing his motion and grounds for a new trial within three days. We wrote in Wages' Adm'r v. Louisville & Nashville Railroad Company, 223 Ky. 227, 3 S. W. (2d) 637, 638:

"The words, 'unavoidably prevented,' as used in this statute, have never been defined by the court. They are not given the broad meaning of 'incapable of being prevented,' or 'inevitable,' as laid down by the lexicographers, but they have never been applied to the voluntary failure of the complaining party or of his counsel to do an act reasonably within his power."

Under the authorities just above referred to, we are of the opinion that where the circuit judge left the county during the term and was absent therefrom on the third and last day upon which a motion and grounds for a new trial must be filed, and counsel who sought to file such a motion, went to the court house with his motion prepared and in search of the judge to present it to him, and learned then the judge had left the county, such counsel is unavoidably prevented from filing his motion and grounds for a new trial. And the judge had the authority to order same filed the day he returned to the county to hold court during that term.

Wherefore, the judgment is reversed for proceedings consistent with this opinion.