231 S.W.2d 81 (1950)
HEAD
v.
LUCAS.
Court of Appeals of Kentucky.
June 20, 1950.
*82 Julius Leibson, Louisville, Oscar Leibson, Louisville, for appellant.
Davis, Boehl, Viser & Marcus, Louisville, for appellee.
VAN SANT, Commissioner.
Appellant instituted this action against appellee, Estil Lucas, and the Louisville Railway Company, seeking recovery for injuries she sustained when a bus, owned and operated by the Louisville Railway Company, in which she was a passenger, was struck by an automobile owned and being operated by appellee. The court sustained a motion for a directed verdict in favor of the Louisville Railway Company, about which no complaint is made. The sole complaint is in respect to the court's failure to direct the jury to return a verdict in favor of appellant against appellee, Estil Lucas.
Both appellant and appellee rely on the latter's testimony concerning the happening of the accident; and appellant relies additionally on the testimony of Sam Buford, a Claims Agent for the Louisville Railway Company, in respect to the dangerous condition of the streets in Louisville, particularly at the scene of the accident and at the time of its happening. Mr. Buford was called to the scene of the accident to make an investigation on behalf of his employer. He testified that all of the streets, whether "busy" or not, were slick. He stated: "To keep from not going through any of those intersections, I would have to drive up at Tenth Street and all the other intersections at a speed,  I looked at my speedometer because of the fact that it was slick,  I noticed at about five or six miles an hour was about the best speed that you could go, and go safely." He was asked the following question and made the following answer: "Q. Going fifteen or twenty miles an hour, as Mr. Lucas said he was going, what would happen about being able to stop without skidding? "A. I would have gone through every intersection."
Mr. Lucas testified that he was traveling north on Tenth Street for a distance of two city blocks between Broadway and Chestnut where the accident occurred, that he knew the street was "a solid sheet of ice and snow." He said that he was driving not over 25 miles  between 15 and 20 miles an hour  but he could not say definitely because he was not watching his speedometer. He later testified he was traveling in the neighborhood of 20 miles an hour. Chestnut Street, at the place of the accident, is a boulevard and traffic traveling on Tenth Street is required to stop before entering the intersection. The bus was traveling on Chestnut and appellee's automobile on Tenth; he attempted to slow down preparatory to stopping at the intersection, when he was approximately 100 feet south thereof; his brakes did not hold and he changed from high to intermediate gear but his car continued to skid until it crashed into the bus at the intersection. The bus, according to appellee, was traveling at a very slow rate of speed. He was asked how fast he negotiated the turn from Broadway into Tenth Street and made the following answer: "I would not say, but I don't imagine anybody would be going over a half a mile an hour to go around a corner nohow." To an identical question he answered: "I would not say over about a half a mile an hour, so you could go around a corner." In speaking of the condition of the street where the accident occurred, he said: "It was pretty slick; barely could stand up there where *83 my automobile was sitting at." He further said: "The people crossing the street, gathered around like they do whenever you have a wreck  they were all sliding."
Appellant contends that since the facts are undisputed, the question becomes one of law for the court to determine. Hogge v. Anchor Motor Freight, 277 Ky. 460, 126 S.W.2d 877; McGraw's Adm'r (Lee) v. McGraw's Adm'r (Davidson), 293 Ky. 722, 169 S.W.2d 840; Wathen v. Mackey, 300 Ky. 115, 187 S.W.2d 1000. We think the rule is stated clearly in the Hogge case, supra, wherein the court said: "Negligence and contributory negligence are to be determined by the jury, except where the uncontradicted testimony is such that but one conclusion can be drawn therefrom by fair-minded men, in which case it becomes a matter of law for the court. (Citations.)" [277 Ky. 460, 126 S.W.2d 879.]
In an unbroken line of cases, one of which is Atlantic Greyhound Corporation v. Franklin, 301 Ky. 867, 192 S.W.2d 753, we have held that the mere fact that an automobile skids on a slippery road does not of itself prove negligence so as to render applicable the doctrine of res ipsa loquitur. In that case, the judgment was reversed because the court failed to sustain a motion for a directed verdict in favor of the Atlantic Greyhound Lines on the showing that the bus was being driven at a speed of between 5 and 10 miles per hour and rounding a curve in a city street. In the instant case, there is no conflict in respect to the evidence of speed. Appellee admits he was traveling in the neighborhood of 20 miles per hour. He stated that he applied his brakes for the purpose of stopping at the intersection about 100 feet south thereof but, because of the slippery condition of the street, his brakes did not hold. He thereupon shifted his gears which, according to his testimony, increased, rather than decreased, his speed; and he struck the bus when his car was traveling at an approximate speed of 10 miles per hour. In most of the cases wherein this Court has held that the question of negligence should be submitted to the jury, the evidence was in conflict in respect to speed. In the Franklin case, the decision was based on the conclusion that driving between 5 and 10 miles per hour on a slippery street precluded the inference of negligence. Our question then is whether, with equal assurance, we can say that driving in the "neighborhood" of 20 miles per hour constituted negligence when the streets were "a solid sheet of ice and snow" and appellee, having skidded once before, was aware, as he testified, of the dangerous condition. We think this fact may be determined best by considering whether, on such a street, appellee was bound to know that he could not control his car and obey the traffic sign at the intersection while traveling in the neighborhood of 20 miles per hour.
We fail to perceive how appellee could have been unaware of the fact that his speed was such as to render him helpless in the circumstances. Scarcely 500 feet before he applied his brakes in respect to the requirement that he stop before entering Chestnut Street, appellee turned from Broadway into Tenth Street and stated that the streets were so slippery that no one could negotiate that turn at more than one-half of one mile per hour. Despite this fact, he admitted that for 200 feet on Tenth Street he drove at a speed of 25 miles per hour and then slowed to approximately 20 miles per hour before applying his brakes. The fact that the car was out of control is established by his testimony in describing the accident, and the fact that he was aware of the condition which rendered it impossible for him to control his automobile was candidly admitted. Appellee's testimony completely exonerates the Louisville Railway Company in its operation of the bus, and, of course, appellant, a passenger on the bus, could have done nothing to contribute to the accident. We therefore are of the opinion that the court should have directed the jury to find for appellant under a proper instruction as to the measure of damages.
The judgment is reversed for proceedings consistent with this opinion.