GREYHOUND CORPORATION, Appellant,

v.

John Will CANTER, Adm'r of Estate of Charles Canter, Deceased et al., Appellees.

GREYHOUND CORPORATION, Appellant,

v.

Nelson BREEZE, Appellee.

GREYHOUND CORPORATION, Appellant,

v.

Kenneth BISHOP, Appellee.

Robert MULLINS, Appellant,

v.

Kenneth BISHOP et al., Appellees.

Court of Appeals of Kentucky.

March 4, 1960.

Petition for Modification of Opinion and Rehearing Denied May 6, 1960.

Stoll, Keenon & Park, R. W. Keenon, Lexington, Lee Lanter, Williamstown, for appellants.

Sawyer A. Smith, Covington, Vincent & Vincent, Williamstown, Ezart Ashcraft, Irvine, Carl H. Ebert, Newport, A. B. Cook, Covington, for appellee.

WADDILL, Commissioner.

These actions arise out of a head-on collision involving a bus owned by the Greyhound Corporation which was being driven by its employee, Robert Mullins, and a truck owned by Nelson Breeze which was being driven by his employee, Kenneth Bishop. As a result thereof, Bishop and Mullins were injured; Charles Canter, a passenger in Bishop's truck, was fatally injured; the bus was damaged, and the truck was demolished.

The claims, counterclaims and cross-claims of the several parties in these actions were consolidated for trial. A jury found in favor of Bishop, Canter's Administrator and Breeze and awarded them damages against the Greyhound Corporation in the sums of $28,000, $8,000 and $400,

respectively. Judgment was accordingly entered and the claims of Mullins and Greyhound for damages were thereby dismissed.

The Greyhound Corporation and Mullins have appealed, seeking a reversal of the judgment on the grounds that the court erred: (1) in overruling their motions for a directed verdict and for a judgment notwithstanding the verdict; (2) in admitting incompetent testimony and in refusing to allow competent evidence to be introduced; and (3) in instructing the jury.

The collision occurred during the afternoon of July 15, 1956, at a place on Highway No. 22 where the two-lane pavement was straight and dry. The truck driven by Bishop was proceeding westward; the bus driven by Mullins was proceeding eastward; and both vehicles were traveling at approximately 35 miles an hour.

Bishop testified that when the two vehicles were about 150 feet apart, the bus came over into the west-bound traffic lane; that he applied the brakes on his truck which caused the truck to swerve into the east-bound traffic lane; that he immediately turned back into his proper traffic lane, and that the bus continued to occupy part of the west-bound lane to the point of collision. Two state policemen who arrived at the scene of collision shortly after the accident occurred, testified that the front of the bus was occupying a part of the west-bound traffic lane and that the truck was located entirely in the west-bound traffic lane. These officers further stated that certain skid marks, broken glass and dirt found at the point of impact were also located in the west-bound traffic lane.

The trial court correctly overruled appellants' motions for a directed verdict and for a judgment notwithstanding the verdict. The testimony we have related constitutes sufficient evidence tending to show negligence on the part of Mullins in the operation of the bus. It is only where one conclusion may be reached by reasonable men that the question becomes one of law for the court. Adams v. Parsons, Ky., 313 S.W.2d 426; Wathen v. Mackey, 300 Ky. 115, 187 Ky. 1000; Hogge v. Anchor Motor Freight, Inc., of Delaware, 277 Ky. 460, 126 S.W.2d 877. Therefore, the questions of negligence, contributory negligence and causation were for the jury to resolve.

Appellants urge that incompetent testimony was introduced over their objections and that competent testimony offered in their behalf was excluded by the trial court. We have examined each of the numerous rulings in question, and since it will serve no useful purpose to the bench and bar to discuss them in detail, we think it is sufficient to say that appellants' contentions in this respect are without substantial merit. We find no prejudicial error in the evidentiary rulings.

Appellants further contend, and we think correctly so, that the trial court erroneously gave an instruction which permitted the jury to find for appellees under the last clear chance doctrine.

In Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W.2d 843, the factors which give rise to the application of the last clear chance doctrine were specifically stated and were thoroughly explained. All of the factors necessary to authorize the giving of a last clear chance instruction were not established in the instant cases. One of the essential factors is that a defendant must have the last chance to avoid the accident. In view of the testimony in the instant cases it cannot reasonably be said that the bus driver had the last chance to avoid the accident since the truck driver's opportunity to avoid it came as late as that of the driver of the bus. Under these circumstances the trial court erred in giving the appellees the benefit of a last clear chance instruction.

For the reason given herein the judgment in each case is reversed, with directions to grant appellants a new trial.