Marilyn KLEIN, Appellant,

v.

CITIZENS TELEPHONE COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1961.

Gorman & Sheehan, Louis Wm. Gorman, Gus Sheehan, Jr., Covington, for appellant.

Blakely, Moore & O'Hara, John J. O'Hara, Marion W. Moore, Covington, for appellee.

STEWART, Judge.

Marilyn Klein appeals from a judgment of the Kenton Circuit Court denying a recovery against Citizens Telephone Company, Inc., for injuries sustained by her by reason of a fall through an open trap door. The sole question presented for consideration is whether appellee was contributorily negligent as a matter of law.

On January 3, 1957, appellee's employees were engaged in installing a telephone in the Kresge Company store in Covington. At the request of the manager of the store, the telephone was to be placed on the wall in a corner between the front store windows and the main soda fountain. A trap door, approximately 3' x 3', was located in the floor directly under the installation site. The manager directed that all wiring should pass through this trap door and assisted appellee's employees to open the trap door. No guard rail or barrier was placed around the opening.

Appellant was employed by the Kresge Company at its snack bar, situated across the store from the soda fountain. She made 10 to 20 trips a day to the soda fountain for supplies. On such a trip at 4:00 o'clock in the afternoon she stepped into the open trap door, fell to the basement floor and was injured. She complains of back pains and wears a small back brace. Nevertheless, she went back to her employment some three weeks thereafter.

She brought suit against appellee for $350 medical, hospital, and X-ray expense; for $99 loss in wages; and for $20,000 for her injuries, which she claimed were caused by appellee's negligence. At the trial at the close of appellant's testimony, on motion of appellee, the lower court granted a directed verdict to appellee on the ground that appellant was contributorily negligent.

On this appeal, appellant argues that questions of negligence and contributory negligence should have been left to the jury to decide; that appellant was exercising ordinary care for her own safety; and that the open trap door represented a hidden danger which appellant could not reasonably have anticipated.

Appellant's deposition, taken in October, 1957, was made a part of this record by stipulation. Also appellant testified at the trial. Her evidence was that there was plenty of light coming through the window next to the trap door; that she had passed by the trap door several times on that particular day; and that the reason she did not see the trap door was that she was at the time looking back toward the snack bar.

The trap door was left open and unguarded while appellee's employees were working in another part of the store. However, the evidence of two other witnesses who worked at the fountain was that they had had no difficulty in seeing the trap door as they passed by it and they were able to walk by it without falling in.

This excerpt is taken from appellant's deposition, and we believe her statements in response to the questions asked her show rather conclusively she was guilty of inattention when she fell into the trap door.

"Q. Now, on the day you were injured, just tell me . what happened. A. * * * I was going to the fountain and I just walked over and I had to keep an eye on the snack bar, too, because I am the only one there at the snack bar.

"Q. That was back of you. A. Uh huh. So as I was going over to the fountain and I looked over to see if there was anybody over there.

"Q. Over at the fountain. A. As I was going over to the fountain. Then as I got over near to the fountain, I turned around to see if any customers were over there and I turned around again and before I got to the fountain, I fell through the trap door.

"Q. And the reason you did not see the trap door was that you were looking back to the snack bar. A. To see if I had any customers.

"Q. And that's the reason you didn't see the trap door. A. Yes."

 Ordinarily, questions of negligence are to be determined by the jury unless the uncontradicted testimony is such that but one conclusion can be drawn therefrom by fairminded men. Hogge v. Anchor Motor Freight, Inc., 277 Ky. 460, 126 S.W.2d 877. The instant case is governed by the principles of law set forth in Layman v. Ben Snyder, Inc., Ky., 305 S.W.2d 319, J. C. Penney Co. v. Mayes, Ky., 255 S.W.2d 639, and Price v. T. P. Taylor & Co., Inc., 302 Ky. 736, 196 S.W.2d 312.

The rulings of this Court are numerous to the effect that one must exercise ordinary care for his own safety and may not walk blindly into dangers which are obvious to him, or that could be anticipated by a person of ordinary prudence. Taustine's

Ex'r v. B. & B. Novelty Co., 305 Ky. 514, 204 S.W.2d 938. On this point we said in Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405, 407: "This does not mean that one must look directly down at his feet with each step taken but, in the exercise of ordinary care for his own safety, one must observe generally the surface upon which he is about to walk." To state the same proposition differently, the law not only requires a person to look when he should look, but to see what he should see. Vaughn v. Jones, Ky., 257 S.W.2d 583.

 In this case appellant knew of the existence of the trap door. It was in plain view and she could see it from where she worked at the snack bar. The fact that it was open had been observed by other employees. As has been mentioned she approached it while continuing to look back over her shoulder. Therefore we cannot escape the conclusion that had she watched where she was going, she could have seen the trap door in time to have passed around it in safety. The trial judge properly took the case from the jury and directed a verdict for appellee.

Wherefore, the judgment is affirmed.