## Ward v. Martin.

Feb. 4, 1941.

D. Bernard Coughlin for appellant.

Silas Jacobs for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Appellee, who was plaintiff below, brought this action against appellant, defendant below, to recover for personal injuries sustained as a result of a collision

between the automobiles of the parties. The accident happened at or near a culvert near the town of Augusta, Kentucky, in June, 1939.

Plaintiff alleged in his petition that while he was operating his automobile at a speed of about ten miles per hour, under control and having due regard for his own safety and the safety of others, the defendant approached from the opposite direction operating his automobile at a speed of about 45 or 50 miles per hour and on his (defendant's) left side of the road and collided with plaintiff's car resulting in certain personal injuries to him. He prayed to recover the sum of $5,000.

Defendant filed his answer and counterclaim, the first paragraph of which was a traverse and by the second paragraph he pleaded contributory negligence of plaintiff and in a third paragraph for counterclaim he alleged that he was operating his car on his right side of the road in a careful manner and plaintiff carelessly and negligently collided with defendant's car resulting in damages to his car in the sum of $150 for which sum he prayed to recover of the plaintiff.

The affirmative allegations of the answer and counterclaim were traversed of record and upon the issues thus joined the jury returned a verdict in favor of plaintiff in the sum of $500; hence, this appeal.

Two grounds are relied on in brief of defendant for reversal of the judgment, (1) that the evidence is insufficient to sustain the verdict and judgment, and (2) because of the conduct of plaintiff's counsel during the progress of the trial in endeavoring to get before the jury irrelevant and prejudicial facts. We will discuss the points in the order named.

(1) Plaintiff testified that he was operating his car on his right of the road at the time of the collision at about 10 miles per hour and saw defendant approaching some distance away. At that time plaintiff's car was about the middle of the road and he told his son who was driving the car to ''lay over'' and his son drew over to his right of the road and defendant continued to approach him at a high rate of speed on his (defendant's) left side of the road resulting in the collision and injuries sued for.

Defendant testified in his own behalf to the contrary. The substance of his evidence is that he was op-

erating his car on his right of the road at a reasonable rate of speed and that plaintiff was operating his car on his (plaintiff's) left or in the middle of the road, thus colliding with defendant's car. Several other witnesses testified for the respective parties, some of them corroborating plaintiff and some the defendant. It would serve no useful purpose to enter into a detailed resumé of the evidence. It is sufficient to say that the evidence of some of the witnesses is not very clear and more or less confusing. Some of the witnesses for the same parties contradicted each other and some of them made self-contradictory statements during the course of their examination.

From the confusing and conflicting state of the evidence reasonable minds might draw different conclusions, and, this being a question for the jury, we are unauthorized to disturb the jury's finding of fact. Hogge v. Anchor Motor Freight, Inc., of Delaware, 277 Ky. 460, 126 S. W. (2d) 877; Chesapeake & Ohio R. R. Co. v. Davis, 119 Ky. 641, 60 S. W. 14, 22 Ky. Law Rep. 1156.

(2) The plaintiff was asked by counsel: "What is the general speed of Mr. Ward when traveling on that road? A. About 40 or 50 miles an hour." There was no objection to either the question or answer, nor any motion made to strike the answer, or other step taken by defendant. Hence he waived whatever prejudicial effect the question or answer might have had and it is now too late for him to raise the question. The next question: "Is that road dangerous for travel? Objection to question. Objection sustained." The witness gave no answer. "Q. Do you know has Mr. Ward ever had another accident on that road? A. He has." No objection appears to have been made to this question or the answer.

Another witness for plaintiff was asked:

"How often did he (defendant) travel that road? A. About two or three times a day.

"Q. Did you notice the speed at which he traveled? Objection to question. Objection sustained." No answer.

Another witness was asked:

"Do you travel the Dover road on various occasions? A. Yes.

340

"Q. Do you meet Ward on that road? A. A few times.

"Q. When you met him—Objection to question. Objection sustained." The witness gave no answer.

Defendant was asked by his counsel if he had had any prveious accidents and he stated he had not. Since defendant failed to object to some of the questions complained of and objections were sustained to others and, defendant having testified that he had had no previous accidents, we do not think that the questions complained of were calculated to inflame or prejudice the minds of the jury, even though such questions were improper.

Finding no error prejudicial to the substantial rights of the defendant, the judgment is affirmed.