## Castle v. McGaffee.

June 20, 1941.

T. E. Mahan and Logan Patterson for appellant.

E. B. Wilson for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

An automobile owned by appellee, a resident of Bell County, and driven by his sixteen year old son, collided with an automobile owned and driven by appellant, a resident of Whitley County. The cars were traveling in opposite directions, at night, on a straight stretch of the new Pineville-Williamsburg Road in Bell County; each driver testified that the car driven by the other was partly on the wrong side of the road when the collision occurred; and the only eyewitness corroborated the version given by appellee's son. The jury likewise placed the blame upon appellant and awarded appellee $355.85, representing the damage to his car. From this judgment, which also disallowed appellant's counterclaim in which he sought $1,000 for personal injuries and $560.50 damage to his car, this appeal is prosecuted.

It is vehemently insisted by appellant's counsel that the condition of the cars and certain marks on the road following the accident demonstrated that appellant's car was on the right, that is, the south side of the highway going northeast, at and prior to the collision, and that the Court should have directed a verdict in his favor under the rule that a verdict cannot be rested upon testimony at variance with recognized physical and mechanical laws. With this contention, we cannot agree, nor can we acquiesce in the statement that the driver of appellee's car was guilty of contributory negligence as a matter of law. It is true that the testimony showed that the front of appellant's car was not damaged, and that appellant testified that it was struck "right over the left front wheel when he came in to it," which would seem to contradict young McGaffee's statement that appellant's car continued in a straight path from the time he first saw it until the cars collided. But it is easily conceivable that if part of appellant's car extended north of an imaginary center line of the road as the cars approached, and shortly before reaching the point of contact the appellant turned slightly to the right, the front end of his car could have escaped injury, although the front end of appellee's car was wrecked. As for the marks on the road, it is sufficient to point out that regardless of whatever impression we might gather from them and the able argument as to what they proved, several witnesses who examined them immediately after the collision were permitted to testify, with-

out objection, that they indicated that the collision took place north of the center line, thus corroborating appellee's main contention.

The instructions are complained of because they defined the general duties of drivers with respect to automobiles instead of submitting the simple issue,—Which driver failed to yield to the other one-half of the highway? But it should be borne in mind that there was evidence to the effect that each car was being driven at what might be considered an unreasonable rate of speed under the circumstances, as well as evidence that one of the headlights of appellant's car was not burning. In any event, the error, if it was error, was invited by Instruction A tendered by appellant.

It is also argued that the damages awarded appellee were excessive. A sufficient answer is that the verdict was for less than the resulting depreciation in the market value of the car according to the testimony of appellee, who, though not an expert, possessed sufficient knowledge of car values to qualify him as a witness on the subject.

Although we might be inclined to draw from the evidence conclusions different from those drawn by the jury, we cannot say that it was insufficient to support the verdict, or that the verdict was flagrantly against the weight of the evidence. In the absence of any error in the instructions or the rulings of the Trial Court, we have no alternative but to affirm the judgment, and it is so ordered. Ward v. Martin, 285 Ky. 337, 147 S. W. (2d) 1027.