## Hollis v. Bourne.
## Same v. Calvert.

Nov. 4, 1942.

Stanley B. Mayer and Frank J. Dougherty for appellant.

Davis, Boehl, Viser & Marcus and Nathan Kahn for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

After midnight of October 8, 1938, W. E. Bourne was a guest in an automobile belonging to Mrs. Almeeda Hollis and being driven by her brother, Dewey Lewis. They were going south on the Preston Street Road in Jefferson County. John Calvert was driving his automobile north. The two cars collided and Bourne suffered such injuries as necessitated the amputation of his leg. Mrs. Hollis was also severely injured. Bourne sued her and Calvert for damages and she sued Calvert, alleging the accident was caused by his sole negligence. The cases were consolidated and a verdict for $7,500 was returned in favor of Bourne against Mrs. Hollis alone, and in favor of Calvert in her action against him, the jury thereby finding that the driver of the Hollis car alone was negligent. From the judgment rendered on the verdict, Mrs. Hollis prosecutes appeals against both Bourne and Calvert, seeking a reversal upon the grounds that the verdicts are not sustained by the evidence; that the instructions were erroneous, and the argument of Calvert's attorney was prejudicially improper.

The court in effect peremptorily instructed the jury to find for Bourne against either or both Almeeda Hollis and John Calvert, which was proper, for it is certain that one or both were legally responsible for his injuries

unless he was contributorily negligent and could not recover of his host or he was engaged in a joint adventure or common purpose with her and the driver of her car, and he alone was negligent and Calvert was free from negligence. It is not contended the evidence supported either of these affirmative defenses. The real contest was between Mrs. Hollis and Calvert, each of whom tried to fasten liability upon the other. The sufficiency of the evidence to prove that Mrs. Hollis's driver was negligent is the question before us. If it was, then she was liable to Bourne and could not recover of Calvert even though he was also negligent.

The road is straight and the surface 20 feet wide where the accident occurred. Bourne's testimony is that he was riding on the front seat with the driver of the car, Lewis, who was going 40 to 55 miles an hour. The lights of the other automobile shone in the windows of his car and then came a crash which turned it sideways. The automobile ran across to the opposite side of the road, down an embankment, where it crashed and turned upside down, pinning him beneath. There is little in his testimony to prove negligence on the part of the driver. But the testimony of Calvert, who was called as a witness in his behalf, and the physical facts, we think, clearly prove the driver of Mrs. Hollis's car to have been negligent. His evidence is in substance that the Hollis car approached him very fast, near the middle of the road, with strong headlights which blinded him. His signal to dim those lights was ignored. He threw his machine out of gear, put on the brakes, and practically stopped on his right-hand side of the road but only six or eight inches from the center, just as the Hollis car hit him. He had tried to turn farther to his right to avoid a head-on collision when he saw the other car was going to hit him. Lewis apparently suddenly swerved to the right, as is testified by Calvert and indicated by the physical facts. But Calvert's left front wheel caught the left rear tire or the end of the bumper and pulled the front of the car about 18 inches across the middle line of the road. The entire rear of the car was three or four feet from the center on its proper side. Police officers so describe the location. The markings on the road indicated the brakes of the Hollis car had been suddenly applied, practically at the point of contact, and that it was then going very fast. The tipping of the other car evidently caused Lewis to lose control, for the automo-

bile skidded and ran across the road over a ditch eight feet wide and struck a tree 180 feet distant from the point of contact. It was then thrown back upside down, injuring the plaintiff and the other occupants.

The defendant's evidence tended to prove that the Calvert car ran into the left side of her car when it was on its right side of the road. The extension of part of the Calvert car 18 inches beyond the center is a fact heavily rested upon. Overcoming this, however, is the potent fact that Calvert's headlights, front bumper, or any of the front part of the car bore evidence of having been struck, while all the damage to the Hollis car was to its right-hand side, except a four-inch cut in the left rear tire, which it could be concluded was caused by the tipping of the Calvert car when it was swerved away from it. While we have not stated in detail the evidence sustaining the contention of the defendant, Mrs. Hollis, that Calvert alone was negligent, a recitation of that presented to establish the negligence of her driver is surely sufficient to sustain the finding that he was guilty of negligence, whatever weight might be given the evidence for the defendant. Ward v. Martin, 285 Ky. 337, 147 S. W. (2d) 1027; Rogers v. Price, 290 Ky. 153, 160 S. W. (2d) 371, 372. The responsibility of Mrs. Hollis for her driver's act is not brought in question.

The instructions first defined the duties of the driver of Mrs. Hollis's car and predicated her liability upon his failure to perform any one or more of them, and then in the same language submitted the duties and the liability of Calvert. Among those duties was this:

"To travel on his right side of the road whenever possible so to do, and not to pass to the left side thereof, unless said left side of the highway was clear of all other traffic and obstructions and presented a clear vision for a distance of at least a hundred and fifty feet ahead."

The appellant contends that this instruction in relation to Calvert's duty was erroneous and that the proper instruction was that offered by her, namely:

"It was the duty of the defendant, John Calvert, at the time and place of the accident to operate his automobile in a careful and prudent manner, giving to the automobile in which the plaintiff was riding one half of the road."

The argument is that as these cars were proceeding in opposite directions, the law is that defined by Section 2739g-39, Kentucky Statutes, viz.:

"Vehicles proceeding from opposite directions shall pass each other to the right, each giving to the other one-half of the road as nearly as possible."

This, it is said, is the definite or specific law covering a situation like that presented in this case, where cars are proceeding in opposite directions on a straight road, with an unobstructed view, and should be followed in the instructions rather than Section 2739g-35, Kentucky Statutes, which is general in its application to the operation of automobiles. The pertinent part of that section is:

"The operator * * * shall travel upon the right side of such highway whenever possible, and unless the left side of such highway is clear of all other traffiic or obstructions and presents a clear vision for a distance of at least one hundred and fifty feet ahead."

The given instruction is consistent with both sections of the statute and follows a form often approved. Stanley on Instructions, Sec. 113; Buck v. Kleinschmidt, 279 Ky. 569, 131 S. W. (2d) 714, 715. It was more favorable to Mrs. Hollis in her action against Calvert, for it charged him with the duty of getting upon and staying upon the left side of the highway for a distance of at least 150 feet before the cars met instead of being there at the moment of passing. We are of the opinion the instruction was proper.

The appellant submits that a statement in argument of Calvert's attorney was prejudicially harmful and that the admonition of the court was not sufficient to arrest the harm. The statement is: "Put yourself in his place; what would you have done?" The court sustained an objection and overruled a motion to discharge the jury, having admonished the jury not to consider it and to dismiss the statement from their minds. It is doubtful that the statement was improper. In any event, under familiar law, the admonition of the court was sufficient to clear it away.

The judgment is affirmed.