Judge Owsley
delivered the opinion.
This writ of error is prosecuted to reverse a judgment for fortv five thousand seven hundred and seven'y-four dollars and ninety cents, rendered against John K. Smith, in an action brought by Morrison in the circuit court of Fay-ette.
The action was brought against J. K Smith and Alexander Smith, surviving partners of the firm, late trading and merchandizing under ihe name and style of Smiths and Morrison.
The declaration contains various counts; but they all contain, in substance, a charge against the firm, for fifty-thousand dollars owing to Morrison for money advanced, laid out and expended, money bad and received, and certain bills of exchange, whisky, powder, beef, pork, yarns, cordage, soap, candles, lard and sail canvass, sold by Morrison to them, at their special instance and request.
The writ was executed upon J. K. Smith, and as to Alexander Smith returned by the sheriff, no ½⅛«6⅞«»1. Upon this return, the action was abated as to Alexander Smith, and the the trial had against J K. Smith on the general issue. and a verdict found against him foi the amount of the judgment rendered by the court.
The assignmenLof errors first question the propriety of proceeding to trial, and rendering judgment against J. K. Smith, after the action was abated as to Alexander Smith.
The propriety of this proceeding and rendering judgment, was maintained by the decision of this court, at the last term, in the case of Wiester against Sneed, in all respects precisely analogous to the present case; and, upon the authority of that case, the objection now taken hero cannot be sustained.
On the trial of the issue in the circuit court, after Morrison had introduced evidence conducing to establish his demand, the counsel for Smith produced and read a written document, purporting tobe a summary of Messrs. Smiths and Morrison’s accounts, and containing various items, and concluding with a balance in favor of Morrison of $7,300 01 cent. At the bottom of this account, and attached thereto, is the following memorandum, viz: “Upon ihe a“bove statement of the account ol Smiths and Morrison, *82 «there áppears to be due James Morrison, Esrj. seven thóu-“san(J three hundred dollars and one cent, which balance is “disputed by J. K. Smith — It is therefore agreed, on thé “part of J. K. Smith and James Morrison, that after Smith’s “arrival at New-Orleans, he will arrange and make out “the account, as well as his account against James Mor“rison, jiln. as contractor’s agent, and upon those accounts “being adjusted to the mutual satisfaction of the parties, “that we will settle and pay the balance which may appear “to be due from either. Signed the 13th April, 1814, by “James Morrison and J. K. Smith.” And after proviug this memorandum to have been executed by the parties thereto, on the day it bears date, the counsel for Smith moved the court to instruct the jury, that as the evidence introduced by the plaintiff, Morrison, went to prove the as-sumpsit upon which he relied prior to the date of the memorandum, he could not maintain his action, but should proceed by action of covenant, or otherwise, upon the agreement contained in the aforesaid memorandum — the court, however, being of opinion that the original assump-sit was not merged in the written memorandum, overruled the motion, and exceptions were taken to the opinion of the court, and the account and memorandum made part of rec0I*^‘
A sealed promise to pay a debt, merges the simpie tract; and so also does a written sealedb<but*" the mere re-cognitionofa debt and pro-the mode of liquidation the^balance^ (whether ’ sealedomot) is no merger.
Whether, therefore, the court decided correctly in refusing the instructions asked, is the next question to which the attention of this court is drawn by the assignment of er-J ° ^Ors.
It will be perceived that the memorandum is not sealed the parties; but as it was executed since the passage of ac* plac*ng writings not sealed upon the same footing of sealed instruments, it must be entitled to the same force and effect, and be entitled to the same consideration, in the present contest- as though it were sealed. Thus consider-1D§ *t, however, we entertain no doubt but the circuit court decided correctly That a security under seal extinguishes 3 s'mP*e coniract debt, is a proposition about which there catl be n0 difference of opinion. It extinguishes the sim-pie contract because, by being sealed, it is supposed to have (jeen made with more deliberation, and assumes, in contemplation of law, a higher nature. But this effect has never been attributed to sealed instruments which merely recog-nises the existence of a debt, and provides a mode to a$-eertain its amount and liquidation, as was held by the sii- *83 •fHfeaje court of the United States, 7 Cranch, §03. Much less should the memorandum in question have that effect, for it imports nothing more than an attempt at settlement, leaving the parties, thereafter, at full liberty to adjust their accounts, and when done to the mutual satisfaction of both, a settlement was again tq be made, and the balance which might be found due from either, to be paid tbe other. But if it could be construed an extinguishment of that part Morrison’s demand, about which the settlement was attempted, it is obvious that it cannot entirely defeat Morrison’s action; for it is plain, as was decided by the circuit court, from the suggestions attached to part of the items contained in the account, taken in connection with the language implied in the memorandum, that the demands of Morrison against Smith, as contractor’s agent, were not then taken into account; and a great part of the demand sought to he recovered in the present action, and to establish which, evidence was introduced by Morrison, consists of claims against Smith, &c. as contractor’s agents.
that portion of the accounts of whictTwas settled by
Counsel should not be te&™s,V° fore the jury any P°in‘? tjfe court had decided.
In the further progress of the cause, apd after the evidence was gone through on both sides, and whilst the counsel for Smith, in his argument to the jury, was comment-ingdn the settlement exhibited in evidence by Smith, was stopped bj the court, and precluded from urging any thing which might tend to contravene the ©pinion previously expressed by tbe court, as to the construction and import of the settlement.
In thus restraining the counsel, we are of opinion the court acted perfectly correct. After having obtained from the court an opinion on the legal import of the settlement, a decent regard for that opinion would seem to forbid tbe same matter from being again canvassed before-tbe jury. And it was certainly a respect which the court owed to itself, and essential to the speedy administration of justice, not to permit tbe same matter, which had beep decided bv it, to be again discussed before the jury, If the decision of the court had been incorrect, the point was reserved by tbe exceptions taken to that opinion; and if correct, the defendant cap have sustained no injury by being restrained from controverting its correctness before the jury.
After the jury had found their verdict against Spiitb, his counsel moved the court for a new trial; but his motion was overruled, and by exceptions taken to the court’s refusal, tbe evidence given on the trial was spread upon tbe re *84 cord. It remains, therefore, only to decide whether a new trial ou§^t t° have been awarded.
In reviewing the decision of the court in overruling the motion fora new trial, the only points worthy of consideration involve an enquiry into tb< sufficiency of the evidence to support the verdict, and into the ground of surprise urged as a cause for setting aside the verdict.
There cannot be a doubt, but that the evidence introduced by Morrison fully justifies the finding of the jury, unless its operation is so far impaired by the settlement of 18] 4, noticed in the former part of this opinion, as to au-thorise a credit in favor of Smith for two items contained in that account, one for $29,785 30, and the other for $4 671 64, and for which it is urged, by the verdict of the jury he has obtained no credit. Those items are credited to Smith on that account, and it is contended should be considered to have been admitted just by the settlement then made; and as the account, introduced by Morrison on the trial, and which makes a balance against Smith for the precise amount found by the jury, contains no such items of credit; and as the witness, by whom that account was made cut, proves no such credit to have been therein given, it ¡surged the verdict is contrary to evidence
It should be observed, however, that by the account of 1814, those credits appear to have been given on account of James Morrison, jr. one of the firm of Smith §• co.; and it is proven that since then, and in the account used on the trial, Morrison has given to the firm, on account of James Morrison, jr. a credit of $62,532 93. This latter credit, therefore, as it is for a greater amount, we suppose should be construed to include the items of credit claimed by Smith — at least, it is sufficient to throw upon him the burthen of other proof than that of the settlement of 1814, to entitle him to the additional and furthe' credit of those items; and in the present case there is no such evidence.
And with respect to the ground of surprise, no reason is perceived for disturbing the verdict of the jury.
By the affidavit of the attorney for Smith, he states, that he came into the cause as the successor of M’Kinley, who was employed by Smith to defend the cause; that M’Kin-ley informed him there were deposited iu the Bank of Kentucky, for safe keeping, a written document evidencing a settlement or adjustment of the accounts between the parties; and left with him sundry memorandums and receipts. *85 by which it appears, that John K. Smith had advanced to James, Morrison, jr. in his separate capacity as contractor’s agent, a large sum of money, and to one Brounson, a sub-agent for said Morrison, jr.other large sums, and to one Her-vey, clerk to said Morrison, in the whole amounting to $7,888-and 80 cents, but for the want of testimony to prove the liability of the plaintiff, Morrison, and the signature to the receipts, the same were not offered at the trial — and that from said statements and information, he supposed that on the trial of the cause no account could, or would, be produced, relative to transactions prior to the date of the settlement, and was altogether unprepared to contest or investigate the accounts produced at the trial, and that the cause assumed a shape totally different from wbat he had expected, &c.
On a motion for ix new trial on j ..count of surprise, the affidavit should not only detail the ground on which me surprise is supposed to exist, but should also state the probability that suchevidence will be i-.ro* ducedon the second trial as wiH eff.rct a more favorable result.
A new trial on the ground of su -prise should not be grunted if the surpiT e was pro jucM by he .¡aches of the party.
It is upon this affidavit that the motion for a new trial is attempted to be sustained on the ground of surprise. We are totally at a loss to perceive, however, any foundation for the application on that ground. We are. not informed by any thing contained in the affidavit, that even with the information they now possess, either the attorney or Smith could, on another trial, be prepared with any evidence calculated to produce a verdict more favorable to Smith. We are told, that owing to the want of evidence to prove the memorandums and receipts, left by M’Kioley with the attorney, &c. they were not offered in evidence on the trial: but there is no suggestion that Smith would ever be able to procure evidence to prove those memorandums and receipts. But supposing them to be susceptible of proof, it was certainly incumbent upon Smith to have exercised proper dil igence in attempting to procure the evidence on the ¡rial, and his failure to do so, must be attributed to his own laches, and forms no ground for any thing like surprise on the trial.
It is true, we are informed by the affidavit, that the attorney supposed no account could or would be produced prior in date to the settlement deposited in the bank for safe keeping; whereas, on the trial, Morrison introduced an account in relation to transactions long prior in date, and, in so doing, made the cause assume a different shape to wbat was expected by the attorney.
But that opinion of the attorney is not alledged to have been superinduced bv the conduct of Morrison, but to the contrary, if the attorney had adverted to the'declaraiiuo, *86 lie might readily have perceived that Morrison’s action was not founded on the settlement deposited in the bank, but was brought for the purpose of recovering upon the original transaction between the parties. But if, after looking into the declaration, be could have entertained any doubt as to the demand upon which Morrison was seeking a recover?’ be mi§bt- adverting to the settlement, have known lbat c°uld neither form the foundation of an action, or preclude Morrison from suing on the original accounts, |}ut after adverting to the declaration and settlement, tbe atlorne}' could have still doubted as to the demand sought to be recovered by Morrison, he might, by consulting hts client, Smith, have obtained ample information in relation to the transactions between the parties. After all these means of information, it is evidently inadmissible for the attorney to ask for a new trial on the grounds made out for surprise — especially, too, when the application is not even accompanied with any suggestion of the ability of his client to introduce any evidence on another trial, which wa9 not before produced.
to ¾1-*1 cau*e ofaction caS> roi ⅛ urge') il’tiiedeclara-"tív?" notice. b
Bibb for plaintiff, Crittenden, Harden, Wicklijfe and Hog-gin contra.
Upon the whole we think the new trial ought not to be awarded; and that the judgment must be affirmed with costs.