## Myers v. Franklin et al.

(Decided November 28, 1930.)

ROBERT T. & WILLIAM J. CROWE for appellant.

C. E. RANKIN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

H. H. Franklin and Goebel Oliver brought this action against Ralph Myers, alleging in their petition, in substance, these facts: Prior to June 1, 1929, the defendant had entered into a contract with the state highway commission for the construction of a portion of the Harrodsburg-Springfield Federal-Aid Project, under plans and specifications furnished by the commission, and they then entered into a contract with him, by the terms of which they agreed to do all the trucking necessary to transport the dirt and stone from the cuts and make the fills provided for by the plans and specifications, and the defendant agreed to furnish and keep in condition, for use in doing the trucking, a roadway to travel along and over the said road work with the trucks, and agreed to pay them a certain price per yard for the rock and dirt so hauled; that they fully complied with their obligation under the contract up to August 12, 1929, but on that date the defendant refused to permit them to continue the work and required them to cease, to their damage in the sum of $2,000. By his answer Myers denied that he agreed to furnish and keep in good condition for use in doing the trucking a roadway or way of travel along or

over the road work with the trucks, or that the plaintiffs fully complied with their obligations provided for in the contract, or that he required them to cease work, or that if permitted to carry out their contract the plaintiffs would have profited to the extent of $2,000, or any other sum.

He alleged that at the time of making the contract the plaintiffs agreed to furnish proper and sufficient equipment to remove the stone and dirt excavated by the steam shovel of the defendant as rapidly as same was so excavated; but that they did not furnish sufficient or proper equipment to remove the stone and dirt excavated by the steam shovel and did not keep the equipment in proper repair, and by reason of such failure they were unable to comply with their contract by removing the dirt as agreed and thereby breached the contract and forfeited their rights. He also pleaded that they agreed to the cancellation of the contract and notified him to secure another contractor to do the work. By way of set-off he pleaded that the plaintiffs were engaged under the contract for a period of twenty-three working days; that during that time they failed to perform their contract, and the steam shovel and laboring force of the defendant were compelled to lie idle for one-third of the time or a period in all of seven and one-third days, to his damage in the sum of $875. The allegations of the answer were denied by a reply. The case came on for trial before a jury. The court overruled the defendant's motion for a peremptory instruction, and at the conclusion of all the evidence, as shown by the bill of exceptions, this occurred:

"Thereupon the court upon its own motion gave to the jury written instructions numbered 1, 2, 3, 4 and 5, to the giving of which instructions numbered 1, 2 and 3, the defendant, at the time excepted and still excepts.

"The instructions given to the jury by the court are as follows:

"1. If you believe from the evidence that the plaintiffs were ready, able and willing to perform their part of the contract between them and the defendants, you will find for the plaintiffs.

"2. If you believe from the evidence that the plaintiffs were not ready and willing to perform their part of the contract, you will find for the defendant

unless you believe that as a part of the contract the defendant agreed to keep the road in suitable condition for use by plaintiff's trucks and that their inability to perform their part of the contract, if any was the result of the failure of the defendants to so keep and maintain the road.

"3. If you find for the plaintiffs you will award them such a sum as will reasonably represent the difference between the contract price for doing the remainder of the trucking and the costs to the plaintiff of doing the same, your whole finding not to exceed $2,000.

"4. If the jury believes from the evidence that plaintiffs agreed to keep the dirt and stone removed as excavated by the steam shovel and if you further believe that plaintiffs failed to reasonably comply with said agreement, you will find for defendant on his counterclaim, such damage, if any, as will compensate him for the fair value of the actual time lost or expense incurred by reason of plaintiff's failure to remove said dirt and stone.as agreed, not exceeding the sum of $875.00, the amount claimed, unless you further believe that defendant agreed to furnish a suitable road for said trucking and failed to do so, and that the failure of plaintiffs to perform was the direct result of such failure, on defendant's part in which event you will find for plaintiffs on said counter-claim.

"In the event that you find no damages for either plaintiff or defendant, you will find for the defendant. 5. If you believe from the evidence that plaintiffs prior to August 10, 1929, notified defendant that they would not continue with their contract, the law is for the defendant and you should so find."

The jury returned a verdict for the plaintiff for $750. The court gave judgment for the plaintiff. The defendant appeals. Appellees insist that the instructions of the court were not complained of in the motion for a new trial. The fifth ground for a new trial is in these words:

"5. Because the court erred in giving instructions numbers one and two requested by plaintiff to which ruling of the court the defendant excepted at the time."

The bill of exceptions shows that instructions 1-5 were all the instructions given on the trial. When it was assigned in the motion for a new trial that the court erred in giving instructions 1 and 2, it must mean that the instructions referred to were given by the court, and the addition of the words "requested by the plaintiff" cannot affect this, for although the instructions were given by the court on its own motion, they may have been also requested by plaintiff. The propriety of the instructions therefore is presented by the record. Under the pleadings and under the proof, the contract between the plaintiffs and the defendant was a contract for the removal of the dirt and rock in the contract under which the contractor was then working. Both the parties evidently so treated the contract.

The plaintiffs introduced evidence to sustain the allegations of their petition. The defendant introduced evidence to sustain the allegations of his answer. The rule is that if there is any evidence the question is for the jury and under this rule the defendant's motion for a peremptory instruction was properly overruled. But there being evidence that under the contract the plaintiffs agreed to remove the dirt and rock as it was excavated by the steam shovel as rapidly as it was so excavated, and that they had failed to do this but had kept the steam shovel idle one-third of the time at a loss in expenses of $125 a day to defendant, the court should have submitted to the jury the question whether this was the contract and plaintiff had breached it; for if they had so breached the contract they were properly discharged and could not recover, unless the jury found for them under instruction 2.

By instruction 1 the court in substance, told the jury to find for the plaintiff if at the time they were discharged they were ready, willing, and able to perform the contract; but they were not entitled to this relief if the contract was as above set out and they had not performed the contract. This was, in substance, a refusal to submit to the jury the defendant's side of the case. Instruction 1 should have been modified as above indicated. Instruction 2 as given by the court is not clear, and in lieu thereof the court will tell the jury on another trial that if they believe from the evidence that as part of the contract the defendant agreed to keep the road in suitable condition for use by plaintiff's trucks and failed to do so, and but for this the failure of the plaintiffs to remove

the dirt and rock as rapidly as it was excavated by the steam shovel would not have occurred, they should find for the plaintiffs unless they find for defendant under instruction 3. On another trial instruction 5 will be numbered 3, No. 3 will be No. 4, and No. 4 will be No. 5.

The defects in instructions 1 and 2 were not cured by instruction 4. The plaintiffs were liable to the defendants for the breach of their contract, although they had not failed to reasonably comply with the agreement. The word "reasonably" in the fourth instruction should have been omitted. On the whole case and in view of all the evidence, the court concludes that the defendant's side of the case was not properly submitted to the jury by the instructions and that a new trial must be granted. This view of the case makes it unnecessary for the court now to determine whether the verdict of the jury is palpably against the evidence. It only now determines that a new trial should be granted for the reasons above indicated.

Judgment reversed, and cause remanded for a new trial.