## Sanders Trucking Co. v. King.
## Pacific Employers' Ins. Co. v. King.

May 16, 1950.

Chenault Huguely, Special Judge.

Montgomery & Montgomery for appellant.

Kelly J. Francis for appellee.

JUDGE KNIGHT—Affirming.

On September 6, 1948, a tractor-trailer truck owned by the Sanders Trucking Co. was being driven through the town of Moreland when it jackknifed, ran into, and overturned at, the entrance to the store of C. C. Back. As a result, Back **and others injured or** damaged in the accident sued the trucking company and recovered judgments totaling $2705.30 which sum was promptly paid by its insurance carrier, the Pacific Employers Insurance Co. Now these two suits have been brought against appellee Bessie King claiming the accident referred to was caused by the negligent operation by her of her automobile. The trucking company sued for $2500 for damage to its truck, the cargo it contained, and for the loss of the use of the vehicle. The insurance company sued for $2705.30 which it was compelled to pay out on the judgments obtained against its policy holder, the trucking company, and which judgments were duly assigned to the insurance company when paid off by it. Appellee was not a party to the original suits against the trucking company in which these judgments were recovered.

The two suits against appellee, though not consolidated, were heard together and at the conclusion of appellant's testimony, the lower court peremptorily instructed the jury to find a verdict for the appellee in both cases. The basis for the ruling of the lower court was that both the truck driver and Mrs. King were negligent; the truck driver, because he violated KRS 189.340 (4) (b) in turning to the left and attempting to pass another vehicle within 100 feet of an intersection; and Mrs. King, because she violated KRS 189.380 by failing to give a signal for 100 feet before reaching the intersection to indicate to the truck driver her intention to turn left. It was his view that this was concurrent negligence with no showing which negligence was the proximate cause of the accident but, since there was a showing that the truck driver was guilty of negligence, the appellants could not recover.

The only evidence as to how the accident occurred was that of the truck driver who testified that he was traveling north through Moreland at a speed of twenty to twenty-five miles an hour as he approached Back's store; that appellee, driving alone in her car, pulled out from the eastern curb of the street about 150 to 200 feet in front of him; that she was driving slowly, about five to ten miles per hour, and when he was fifteen to twenty feet behind her he started to go around her on the left side; that at about that time she gave a left hand signal indicating that she was turning left into the street or road going into the tie yard which road is almost opposite the Back store; that, seeing her signal, he decided he had better go back to the other side and when almost on her he cut to the right side and as he did so the trailer jackknifed and went into the store. He further testified that she gave the signal about fifteen or twenty feet before she reached the road into which she was going to turn; that he sounded his horn and applied his brakes and she withdrew her signal and proceeded straight ahead, not turning into the intersection; that the accident occurred about 10:00 o'clock a. m. on a clear, dry day and that the road was free of traffic in front and that his turn to the right was to avoid hitting her when she signaled that she was turning left. The point at which she pulled out from the curb was about 100 feet from the intersection in which she later signaled she intended to turn.

In seeking reversal it is appellant's contention that where both parties are guilty of negligence, the question of whose negligence was the proximate cause of the accident should be submitted to the jury, citing such cases as Hogge v. Anchor Motor Freight, Inc., 277 Ky. 460, 126 S.W.2d 277; and Louisville Auto Supply Co. v. Irvine, 212 Ky. 60, 278 S.W. 149. We agree with the general principle of law above stated and its applicability to cases such as the two cited, the facts of which are entirely different from those of the cases at bar. In the Hogge case, supra, it was held that negligence and contributory negligence are to be determined by the jury except where the uncontradicted testimony is such that but one conclusion can be drawn therefrom by fair-minded men in which case it becomes a matter of law for the court. In the case of Illinois Cent. R. Co. v. Bozarth's Adm'r., 212 Ky. 426, 279 S.W. 636, 637, it is said: "It is true that generally speaking the question of contributory negligence is one for the jury, but where all the material facts stand confessed, and they show that the plaintiff was guilty of such negligence that the injury would not have otherwise occurred, then there is nothing to submit to the jury.' "

In the case at bar the proof does not show any negligence of appellee except the technical one of non-compliance with the statutory requirement of giving the signal the full 100 feet before she reached the intersection. The driver of the truck was guilty of more than the technical one of non-compliance with the statute in trying to pass appellee within 100 feet of the intersection. Appellee pulled out from the right hand curb only about 100 feet from the intersection; she made her way toward the center of the roadway and drove slowly toward the intersection and when fifteen to twenty feet therefrom, signaled that she would turn left. Hearing or seeing the truck about to pass her on the left, she withdrew her signal and proceeded straight forward without making the turn. Had the truck driver continued on, passing her on the left as he had intended doing, the accident for which the trucking company was sued would not have occurred. The primary negligence in the case, it seems clear to us, was the failure of the truck driver to have his car under more complete control as he approached the car pulling out from the curb

which he admitted he saw from 150 to 200 feet away, and his sudden swerve to the right when he saw her signal. When he saw that she was turning left he could have slowed down or stopped his truck completely if it had been under reasonable control. The physical facts, including the capsizing of the truck and the destruction of the store front, as shown in the pictures filed as an exhibit, indicate clearly a reckless handling of a potentally destructive instrumentality. We cannot see where the giving of the signal by the woman driver under the circumstances was the proximate cause of this accident. The proximate cause was the negligent handling of the truck by the driver under all the circumstances shown in the evidence. We think the question of negligence was not one for the jury.

Wherefore the judgment is affirmed.