ROGERS et al. v. ABBOTT.

ROGERS v. ABBOTT.

Court of Appeals of Kentucky.
June 22, 1951.

James A. Hall, LaGrange, John W. Coomes, New Castle, for appellants.

John M. Berry, J. Wirt Turner, Jr., New Castle, for appellee.

STEWART, Justice.

On September 16, 1948, between 9:00 and 10:00 a. m., Agnes Rogers was driving westwardly toward her home in a 1936 Plymouth automobile, owned by her husband, Earl Rogers, on U. S. Highway 42 about one-half mile from the village of Sligo in

Henry county, Kentucky. When she reached the entrance of her private driveway leading off from the south side of the highway and while she was making a left turn toward or into the driveway the car operated by her was struck by an Oldsmobile sedan, owned and driven by Carl Abbott, who was proceeding at the time with his family and certain other passengers in the same direction as Mrs. Rogers. Both cars were wrecked and Mrs. Rogers claimed she was injured internally. On the occasion of the accident, Abbott was attempting to pass Mrs. Rogers on her left in a "no passing" zone. It is admitted that the orange marker directing that traffic keep to the right was not plainly visible on this section of the road. It is in dispute whether Mrs. Rogers gave the statutory signal of her intention to make a left turn. and whether Abbott sounded his horn before he undertook to pass the Rogers' car in advance of him.

Carl Abbott filed his separate action against Agnes Rogers for $870 damages to his automobile, and Agnes Rogers counterclaimed against Abbott for personal injuries to her and medical bills incurred by her, totaling $4500. Earl Rogers sued Abbott for $510 damages to his car, and Abbott counterclaimed against Rogers under the "family purpose" doctrine for the damages first mentioned above to his automobile. The actions were consolidated for the purpose of trial with the result that the jury found both parties guilty of negligence and directed that Abbott and the Rogers recover nothing. The circuit court rendered judgment dismissing both actions and each counterclaim.

Appellants, Agnes Rogers and Earl Rogers, appeal, complaining that the lower court committed two errors: First, because it overruled their motion for a directed verdict in their behalf at the close of all the evidence; and, second, because it refused to instruct the jury as to the duties of appellee, Carl Abbott.

Appellants tendered the following instruction as a duty of appellee, Abbott, in driving his automobile on the occasion of the accident, which the circuit court refused to give, to-wit: "2(d) To drive said automobile to his right of the center line of said highway, and not to attempt to pass the automobile of the plaintiff, Earl Rogers, being operated by the defendant, Agnes Rogers by overtaking said automobile on the left side of said highway."

Appellants argue that this instruction is predicated upon the statutory duty imposed upon appellee by KRS 189.340(4) (c) as follows: "No vehicle shall at any time be driven to the left side of the roadway under the following conditions: * * * (c) Where official signs are in place directing that traffic keep to the right, or a distinctive center line is marked, which directs traffic as declared in the sign manual adopted by the department."

■ It is well established that a litigant is entitled to have the jury consider every issue raised by the pleadings and the evidence and, if the court denies or ignores this right, it commits error. This statement is, of course, subject to the necessity of the party to the action tendering the particular instruction requested. The law on this point is succinctly stated in Cumberland Railroad Co. v. Girdner, 174 Ky. 761, 192 S.W. 873, 874, as follows: "It has long been the settled rule that both the plaintiff and defendant have the right to have their sides of the case presented to the jury, and in numerous recent cases this court has ordered reversals for the refusal to give an instruction presenting, in specific and concrete form, a defense which does more than simply refute plaintiff's theory of the case and presents an affirmative or positive defense of contributory negligence".

■ It is uncontradicted that Abbott at the time of the accident in which he was involved was guilty of violating a statutory traffic regulation, namely, KRS 189.340(4) (c), but, despite this fact, the circuit court refused to instruct the jury on this legal duty, although counsel for appellants requested and offered an instruction on this precise issue. On the contrary, it was deemed sufficient by the court to merely instruct as a statutory obligation of Abbott the requirements set forth in KRS 189.300 (1). Therefore, since the evidence estab-

lished the fact that appellee, Abbott, violated KRS 189.340(4) (c), the lower court committed a reversible error when it refused to properly submit this issue to the jury.

We are also of the opinion that when the circuit court instructed the jury under KRS 189.300(1) it injected a false issue into the case which undoubtedly had a misleading effect upon the minds of the jury. In other words, the trial court assumed that no greater duty was imposed upon Abbott in driving his car in a "no passing zone", as was the situation here, than in operating it upon a straightaway. This is a view we cannot accept. Accordingly, at a retrial of these actions, if the evidence is the same, the following portion of Instruction 2, which is not supported by any proof, should not be given: " * * * to drive his car to the right of the center of the highway in the direction in which he was going and not pass to the left side thereof unless the highway on that side was so clearly visible and free of oncoming traffic for a sufficient distance ahead to permit Abbott's automobile to overtake and pass the Rogers' automobile without interferring with the safe operation of any vehicle approaching from the opposite direction or of the Rogers' automobile."

Since there must be a trial de novo of this case, we deem it necessary to consider another instruction with which we find fault. Over the objection of appellants Instruction No. 5 was given to the jury, which is as follows: "Although the jury may believe from the evidence that the plaintiff, Carl Abbott, was negligent, yet if the jury further believe from the evidence that the defendant, Agnes Rogers, saw, or by the exercise of ordinary care should have seen the position of peril of the automobile of the plaintiff, Carl Abbott, as it approached on Highway 42, the scene of the collision, in time, with means at her command, to have averted or avoided the collision and that she failed to do so, then

the law is for the plaintiff, Carl Abbott, and the jury should so find."

This is a "last clear chance" instruction and we believe the court was not justified in presenting to the jury an issue that was not developed at the trial, because there is no evidence in the record that Mrs. Rogers saw or knew of the presence of Abbott's automobile until the very instant the two cars collided. The doctrine of last clear chance presupposes time for action. Here the proof shows that the emergency arose so suddenly that there was no opportunity to avoid the accident. See 5 Am.Jur., Automobiles, Sec., 490, p. 779.

Although it is undisputed that Abbott was guilty of noncompliance with a statutory highway regulation on the occasion of the accident in which he was involved, such nonobservance of the regulation does not pin liability upon him as a matter of law, as appellants contend. The decisive question here is whether his negligent act was the direct and proximate cause of the accident. In this connection it is possible that Mrs. Rogers' failure to give the left turn signal, if there was such a failure, may have been the exact and efficient cause of the collision. It cannot be said that but one conclusion is possible in the case at bar, or that there is but one explanation of the wreck, which is that Abbott's negligence was the sole cause of the accident.

Obviously, a peremptory instruction for appellants would not have been proper. We said in Hogge v. Anchor Motor Freight, Inc., 277 Ky. 460, 126 S.W.2d 877, 879, that "Negligence and contributory negligence are to be determined by the jury, except where the uncontradicted testimony is such that but one conclusion can be drawn therefrom by fair-minded men, in which case it becomes a matter of law for the court."

Wherefore, the judgment is reversed for proceedings consistent with this opinion.