Henry Irvin ROSS, Appellant,

v.

Ellie JONES, Appellee.

Henry Irvin ROSS, Appellant,

v.

Randolph E. JONES, Appellee.

Henry Irvin ROSS, Appellant,

v.

Charles C. RICHARDSON, Appellee.

Court of Appeals of Kentucky.

Oct. 10, 1958.

Williams, Rivers & Melton, Paducah, Wells Overby, Murray, for appellant.

James M. Lassiter, Murray, for appellees.

CLAY, Commissioner.

This is an automobile collision case. The claims of three occupants of what we shall designate as the "plaintiff's car" were consolidated for trial, and each was awarded a substantial recovery for personal injuries against defendant Ross, the appellant. The only issue we deem it necessary to consider on this appeal is whether or not the trial court properly instructed the jury that the defendant was negligent as a matter of law because of the violation of a statute.

The accident occurred when the defendant, driving in the same direction, attempted to pass the plaintiff's car. A sideswiping collision took place at a point more than 100 feet from a bridge. Admittedly the defendant continued to drive on the left-hand side of the highway after the collision until he was a short distance from the bridge. The plaintiff's car ran off the road on the right and was wrecked.

It was the contention of the plaintiff driver that at all times he was on his right-hand side of the road. The defendant's position was that the plaintiff's car pulled to the left as he was passing, thereby causing the collision and causing him to continue driving on the left side of the road until he was within close proximity to the bridge. We have made several references to the bridge because it played a controlling part in the legal theory upon which this case was submitted to the jury. As we will show, the presence of the bridge had nothing whatever to do with the issue of defendant's liability.

KRS 189.340(4) (b) provides in part:

> "No vehicle shall at any time be driven to the left side of the roadway * * * when approaching within one hundred feet of any bridge, * * *."

Since the defendant admitted that *after* the collision he continued to drive on the left side of the highway to a point within 100 feet of the bridge, the trial court took the view that this violation of the statute constituted actionable negligence as a matter of law. Consequently the court directed a verdict for the passenger in the plaintiff's car, and instructed the jury to find for both the driver and the owner occupant unless they believed the driver was contributorily negligent.

At the outset we are confronted with the problem: What is the legal effect of the violation of a statute regulating the operation of motor vehicles upon the highway? This question cannot be answered categorically. Generally it is necessary to ex-amine the language of the statute, to consider its purpose, and to determine what relationship the violation has to the *cause* of the particular accident involved. We are here concerned only with the latter phase of the problem.

■ It is obvious that the violation of such a statute does not constitute negligence imposing liability unless the violation has some causal connection with a claimed injury. For example, if A drives on the highway at 100 miles per hour he violates the speed statute and is subject to criminal penalties, but he is not civilly liable to any person on or off the highway unless that violation is an operating cause of damage to such person. Actionable negligence does not exist in a vacuum.

While violation of a statute may constitute what we designate "negligence per se", the question of proximate cause must always be determined. The governing principle is thus clearly stated in 5 Am.Jur., Automobiles and Highway Traffic, Section 237 (p. 371):

> "Even though it may be determined that the violation of a statute or an ordinance as to motor vehicles constitutes negligence per se, proof of such violation by the operator of the automobile involved in an accident or collision does not of itself establish liability for injuries caused by the vehicle. The plaintiff must establish further that the violation of the statute or ordinance was the proximate cause or at least a proximate cause of the injury or accident. There must be a causal connection between the violation of the statute and the ensuing injury and if the violation of the statute bears no relation to the injury there is no liability. In determining what constitutes proximate cause, the same principles apply where the alleged negligence consists of a violation of a statutory duty as where it consists of the violation of a nonstatutory duty."

An examination of our statute and case law relating to the operation of motor vehicles on a highway indicates that the circumstances of an accident may fall into one of three categories, each with a different legal effect. They are: (1) where it is clearly apparent the violation of a statute caused an accident of the type the statute was designed to prevent; (2) where the facts, or reasonable inferences to be drawn therefrom, raise a controvertible issue as to whether or not the violation was a proximate cause of the accident, and (3) where it is clear from the evidence that the violation had no causal connection with the accident.

Within the first category we find such cases as Saddler v. Parham, Ky., 249 S.W. 2d 945. In that case a pedestrian violated KRS 189.570(6) by walking on the right side of the highway. In view of the purpose of the statute, we held the pedestrian's negligence was, as a matter of law, a proximate cause of the accident.

Likewise in Davis v. Kunkle, 302 Ky. 258, 194 S.W.2d 513, we held it proper to direct a verdict for the plaintiff on the ground that the only reasonable inference to be drawn from defendant's violation of three traffic statutes was that such violations constituted the proximate cause of the accident. (In this case it was also held that the plaintiff's violation of another traffic statute did not constitute a proximate cause.) See also Rabold v. Gonyer, 285 Ky. 618, 148 S.W.2d 728.

In the second category are such cases as Consolidated Coach Corporation v. Bryant, 260 Ky. 452, 86 S.W.2d 88, and Rogers v. Abbott, Ky., 240 S.W.2d 840. Each of these cases involved substantially the same statute we have before us, and it was held that the question of proximate cause should be submitted to the jury. In the Bryant case the Court stated, 86 S.W.2d at page 90:

"The law of the road required the driver of the Consolidated Coach Corporation's bus, if it was its bus, to keep to the right of the center of the highway, yet the mere driving or the presence of the bus on the wrong side of the highway is alone insufficient to sustain a verdict unless it is further shown that it was the proximate cause of the accident. Peterson v. Pallis, 103 Wash. 180, 173 P. 1021. 'The only time when the occupancy of the wrong side of the highway becomes important in a case such as this is when it interferes with, or imperils, those who are rightfully there.' Thomas v. Adams, 174 Wash. 118, 24 P.2d 432, 433."

In the Rogers case it was said, 240 S.W. 2d at page 842:

"Although it is undisputed that Abbott was guilty of noncompliance with a statutory highway regulation on the occasion of the accident in which he was involved, such nonobservance of the regulation does not pin liability upon him as a matter of law, as appellants contend. The decisive question here is whether his negligent act was the direct and proximate cause of the accident."

In Adams v. Feck, Ky., 303 S.W.2d 287, 289, we assumed that one of the parties was guilty of "negligence per se" in violating a statute, but we held that a jury question was presented as to whether or not the violation constituted a proximate cause of the mishap.

For a similar ruling see also Rutherford v. Smith, 284 Ky. 592, 145 S.W.2d 533.

■ We now come to the third category of cases, within which we think the present one clearly falls. Where the facts of an accident do not show any causal connection between the violation of a statute and the injury suffered, then such violation is irrelevant and plays no part in the determination of liability.

In Moore v. Hart, 171 Ky. 725, 188 S.W. 861, the defendant contended that the plain-

tiff was contributorily negligent as a matter of law because his automobile had not been registered and it was being driven by an unlicensed chauffeur. It was held that plaintiff's violation of the law was of a collateral character which had no causal connection with the accident, and therefore, did not bar plaintiff's right of recovery.

In Phillips v. Scott, 254 Ky. 340, 71 S.W. 2d 662, a 13 year old boy had operated an automobile on the highway in violation of a statute. After he had parked it, it rolled backward and the plaintiff was injured in an effort to stop it. The court declared: "The law does not look beyond the proximate cause". It was held the violation of the statute did not impose liability.

In Sanders Trucking Co. v. King, 313 Ky. 29, 230 S.W.2d 87, the defendant in making a left turn did not comply with the statute requiring that a signal be given 100 feet before reaching an intersection. It was decided that this violation could not have been a proximate cause of the accident when a truck attempted to pass, and the question of defendant's negligence was properly withdrawn from the jury.

There are several Kentucky cases wherein we have held *as a matter of law* that the violation of a statute or ordinance regulating speed was *not* the proximate cause of injury to a pedestrian who was injured by coming in contact with the side of an automobile. Such are the cases of Whalen's Adm'x v. Sundell, 303 Ky. 752, 199 S.W.2d 426; and Hatfield v. Sargent's Adm'x, 306 Ky. 782, 209 S.W.2d 306.

In Brown v. Crumpton, Ky., 252 S.W. 2d 670, which involved a head-on collision, we held it error to give an instruction on the speed of one of the vehicles, since the violation of the speed statute obviously was not the proximate cause of the accident.

From other jurisdictions there are numerous cases deciding as a matter of law that the violation of a statute prohibiting driving on the left-hand side of the highway (the situation we have here) did not create a jury question or impose responsibility where there was no causal connection between the violation and the accident. Such cases are Tysinger v. Coble Dairy Products, 225 N.C. 717, 36 S.E.2d 246; Shafer v. State, 171 Md. 506, 189 A. 273; Austin v. Portland Traction Co., 181 Or. 470, 182 P. 2d 412.

Perhaps even more analogous to our present case are the cases of Wright v. South Carolina Power Co., 205 S.C. 327, 31 S.E.2d 904; and Johnson v. Anoka-Butte Lumber Co., 141 Neb. 851, 5 N.W.2d 114. In the first of these cases a bus had exceeded the speed limit while traversing the city block next to the one in which a pedestrian was killed. In the second case, the driver of a truck had violated the law by passing another vehicle on a viaduct about 400 feet before striking a pedestrian. In both of these cases the violation of a statute *prior* to the accident but not at the time thereof was held to have no causal connection with the accident.

The situation in the case before us is simply the converse of that existing in the last two cited cases. The violation of the statute, i. e., driving on the left-hand side of the highway within 100 feet of the bridge, took place *after* the collision. It is beyond our comprehension how this violation could have *caused* the collision. Certainly a cause must precede an effect. Whatever the defendant did after the cars collided, even had he violated a thousand statutes, could not be said to have led to, or brought about, the accident. The link of causation being entirely absent between the assumed unlawful act and the injury, none of the plaintiffs were entitled to recover *because of this violation.*

Plaintiffs contend, however, that if the court erroneously instructed the jury that the defendant was negligent as a matter of law, the verdict cured this error. Their argument is that since the jury found the driver of the plaintiff's car was not contributorily negligent, this was a finding that *some* negligent act of the defendant was the sole cause of the accident. The trouble with this argument is that the jury was not given a fair choice on the issue of negligence.

The trial judge had removed entirely from the jury's consideration the question of whether or not the defendant was negligent. He had instructed that the defendant was negligent as a matter of law as to all three plaintiffs and he directed a verdict outright for the passenger plaintiff. We cannot speculate as to whether or not the jury would have found for the plaintiffs if they had not been erroneously advised of defendant's absolute liability in one of the cases and his probable liability in the other two. Clearly the incorrect instruction on the law concerning defendant's responsibility for this accident was misleading and highly prejudicial. For the reasons stated, all three judgments must be reversed for a new trial.

The single, clearly definable issue in this case is whether the plaintiff driver or the defendant, or both, improperly operated his automobile at the time of the collision. If the facts shown on a new trial are substantially the same, this issue should be submitted to the jury with appropriate instructions, leaving out any reference to the alleged violation of the statute prohibiting driving on the left side of the highway when approaching within 100 feet of a bridge.

No other questions raised on this appeal have been considered.

The judgment is reversed for consistent proceedings.