**Harold Dwayne BLAKEMAN, Appellant,**

v.

**Dennis Robert JOYCE, Appellee.**

Court of Appeals of Kentucky.

May 31, 1974.

Thomas E. Harris, Fowler, Rouse, Measle & Bell, Lexington, for appellant.

James J. Varellas, Charles V. Collins, Lexington, for appellee.

CATINNA, Commissioner.

Dennis Robert Joyce was injured on October 10, 1969, while operating a motorcycle on Cooper Drive, a two-lane street, in a westwardly direction toward the Nicholasville Road in Lexington. Joyce was in the right lane of traffic preparing to make a right turn into a driveway leading to a University of Kentucky parking lot. Traffic was congested, and cars were backed up for some distance along Cooper Drive. Immediately behind Joyce was a Chevrolet automobile, and behind the Chevrolet was an automobile being operated by Harold Dwayne Blakeman. To the immediate right of the surfaced street, there is a wide unpaved shoulder. Beyond the U of K driveway Cooper Drive becomes a three-lane paved street with two lanes going west.

As the slow-moving traffic approached the U of K driveway, Joyce gave a hand signal indicating his intention to turn right. Blakeman claimed that he saw the signal through the automobile window in front of him, but it appeared to him that Joyce was going to turn left. Blakeman, becoming impatient and wanting in the right paved lane of the road, pulled his automobile to his right out of the line of traffic and onto the shoulder, passing other vehicles on the right as he proceeded toward the intersection. While passing vehicles on the right, including Joyce's motorcycle, he collided with it as Joyce made a right turn into the U of K driveway.

The jury returned a verdict in favor of Joyce for $7,815 which was allocated as follows: $347 for medical expenses; $6,000 for pain and suffering; $768 for loss of earnings; and $700 for damage to the motorcycle. Upon this appeal Blakeman claims that error was committed in the following respects: (1) in finding Blakeman negligent as a matter of law and in not submitting the question of proximate cause to the jury; (2) in refusing to admit testimony of custom and usage as to the use of the shoulder of the road; (3) in giving certain instructions in regard to damages which were not supported by the proof; (4) the verdict for $6,000 for pain and suffering was excessive; and (5) the closing argument of Joyce's counsel was improper and designed to arouse sympathy and invoke prejudice.

KRS 189.340(1) requires that all vehicles overtaking other vehicles proceeding in the same direction pass to the left, and this requirement applies to all roads except four-lane roads. Although Blakeman argues that the shoulder or graveled lane made Cooper Drive a three-lane road for all intents and purposes, this did not relieve him of the statutory obligation to pass to the left. He was admittedly passing vehicles on the right and, therefore, his flagrant violation of the statute caused an accident of the very type that the statute was designed to prevent. Blakeman's argument that he was privileged to pass to the right by custom and usage because of the existence of the lane has no substance. Admitting for the sake of argument only that this right might have existed, the right of Blakeman to pass to the right

was conditioned upon the restriction that in so doing he should not drive off the pavement or upon the shoulder of the roadway. KRS 189.340(2). Consequently, Blakeman was negligent as a matter of law. Ross v. Jones, Ky., 316 S.W.2d 845 (1958).

■ The court submitted to the jury the question of Joyce's contributory negligence, outlining each of the duties required of him, and directed that should the jury find that Joyce violated any one or more of the duties imposed upon him and that such violation was a proximate cause of the accident or so contributed to the accident that except for such violation it would not have occurred, then it should find for Blakeman. The jury returned a verdict for Joyce and such verdict was amply supported by the evidence.

■ Blakeman complains of instructions given by the court concerning damages to be awarded. First, he complains of a $27 payment to a Dr. Stephens on the basis that it was for evaluation purposes and not allowable. Blakeman's counsel did not object to the introduction of this evidence nor did he, upon ascertaining the purpose of Dr. Stephens' examination, move that such evidence be stricken or that the jury be admonished not to consider this amount in reaching its award. The failure of Blakeman to object at the time or to request the necessary protective admonition constituted a waiver of his right to now complain.

Blakeman also objects to that part of the instruction that allowed the jury to award Joyce damages resulting from a loss of earnings. Joyce testified without objection that his average weekly income was $192 and that by reason of the injuries received he had been forced to terminate this employment a month earlier. Simple arithmetic gives us the $768 awarded by the jury.

At the time the court instructed the jury, Blakeman objected to the instruction on loss of earnings because this claim had not been properly pleaded. The court, in overruling the objection, stated: "Let the record further show that the complaint would be amended to conform to the proof insofar as loss of earnings is concerned."

■ Where an issue not raised by the pleadings is tried by the express or implied consent of the parties, the issue is treated in all respects as if it had been raised in the pleadings. A pleading may be amended at any time to conform to the evidence; however, failure to amend does not affect the trial on the issue. CR 15.02. Blakeman, having failed to object to the introduction of evidence on the issue of loss of earnings, impliedly consented to the trial of the issue and is therefore bound by the results. Cf. Marlowe Construction Company v. Jacobs, Ky., 302 S.W.2d 612 (1957).

■ The claim that the jury verdict of $6,000 for pain and suffering was excessive is without merit. This case was tried on February 23, 1971, some fifteen months after the accident, and Joyce was at that time suffering from pain and disability to his wrists which rendered him unable to engage in his normal recreational activities or heavy work.

The court's Instruction No. 1 informed the jury that Blakeman was negligent as a matter of law. Joyce, in his closing argument, explained to the jury why Blakeman was in fact negligent as a matter of law and went into great detail in describing and discussing the various duties that he had violated. Blakeman's objection to this argument was overruled.

■ Although the question is not in issue, we feel it essential to point out that it is better form not to instruct a jury that a defendant is negligent as a matter of law. A preferable instruction would be one that directed the jury simply to return a verdict for the plaintiff unless it should find that he violated one or more of the enumerated duties required of him and that such violation was a substantial factor in causing the accident.

Where a jury has been instructed in this manner, it would be error to permit a plaintiff to argue the negligence of a defendant, as this would no longer be an issue for the jury. The closing argument should be confined in such instances to the law of the case, with the facts and deductions being drawn therefrom. A discussion of whether, or how, the defendant was negligent could be for no other purpose than to appeal to the sympathy or prejudices of a jury. Cf. Smith v. Morrison, 10 Ky. 81, 3 A. K. Marshall 81 (1820).

However, as the court, by Instruction No. 1, had instructed the jury that Blakeman was negligent as a matter of law, we do not see how any prejudice could have resulted to the defendant by an argument which, in explaining why this was true, outlined duties that had been violated.

The judgment is affirmed.

All concur.